In the Matter of JOHN GUTMAN, a Suspended Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE SECOND AND ELEVENTH JUDICIAL DISTRICTS, Petitioner.

Second Department, August 6, 1990

## APPEARANCES OF COUNSEL

*Robert H. Straus (Robert J. Saltzman* of counsel), for petitioner.

*Jerome Karp* for respondent.

### OPINION OF THE COURT

Per Curiam.

The Special Referee sustained the two charges of professional misconduct alleged against respondent. The petitioner moves to confirm the report of the Special Referee, and the respondent submits an affirmation in response thereto.

Charge one alleged, and the Special Referee found, that the respondent had been convicted of "serious crimes" within the meaning of the Judiciary Law § 90 (4) (d) and the rules of this court (22 NYCRR 691.7) governing the conduct of attorneys, in that, on August 26, 1986, respondent was convicted in the United States District Court for the Southern District of New York upon his plea of guilty, of violating 21 USC § 843 (a) (4) (A) and 18 USC § 2, intentionally and knowingly furnishing false and fraudulent information and omitting material information from applications, reports, records and other documents required to be kept by the narcotics laws of the United States, a Federal felony. On August 26, 1986, the respondent was sentenced to probation for a period of three years, fined $2,500 and directed to perform 600 hours of community service.

Charge two alleged, and the Special Referee found, that

while the respondent represented the proprietors of an insomnia clinic and a diet clinic, he became aware that the Federal Drug Enforcement Administration was conducting an investigation of this clinic and was seeking its books and records relating to the dispensation of controlled substances and that the respondent then counseled an employee of the clinic to fabricate records in order to furnish the Drug Enforcement Administration with false and misleading information.

After reviewing all of the evidence, we are in agreement with the report of the Special Referee sustaining the charges of misconduct. The respondent is guilty of the misconduct outlined above. The petitioner's motion to confirm the report of the Special Referee is granted.

In determining an appropriate measure of discipline to be imposed, we have taken into consideration the respondent's previously unblemished record as well as character evidence presented at the hearing of this matter.

Accordingly, the respondent is suspended from the practice of law for a period of five years, nunc pro tunc as of March 18, 1988, and continuing until the further order of this court.

MANGANO, P. J., THOMPSON, BROWN, LAWRENCE and HARWOOD, JJ., concur.

Ordered that the petitioner's motion to confirm the report of the Special Referee is granted; and it is further,

Ordered that the respondent John Gutman, is suspended from the practice of law for a period of five years, nunc pro tunc as of March 18, 1988, and continuing until the further order of this court, with leave to the respondent to apply for reinstatement after the expiration of the said period of five years upon furnishing satisfactory proof that (a) during the said period he refrained from practicing or attempting to practice law, (b) he has fully complied with this order and with the terms and provisions of the written rules governing the conduct of disbarred, suspended and resigned attorneys (22 NYCRR 691.10), and (c) he has otherwise properly conducted himself; and it is further,

Ordered that pursuant to Judiciary Law § 90, during the period of suspension and until the further order of this court, the respondent John Gutman is commanded to continue to desist and refrain (1) from practicing law in any form, either as principal or agent, clerk or employee of another, (2) from appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission or other public authority,

(3) from giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) from holding himself out in any way as an attorney and counselor-at-law.