OPINION OF THE COURT
Harold J. Rothwax, J.
The defendant herein has been indicted for murder in the second degree arising out of the death, by gunshot, of Kwan Ming Yan, on November 29, 1990. The evidence before the *981 Grand Jury indicated that the defendant and Mr. Yan had an argument in a Mott Street bar during the early morning hours of November 29, and that the defendant produced a pistol and shot Mr. Yan in the face at close range. The defendant remained at the scene of the shooting, where he was arrested in possession of a gun. Subsequently, the defendant made a statement at the Fifth Precinct to a detective, through a police officer of Chinese ancestry who acted as an interpreter. The statement was reduced to writing by the detective and this written synopsis was introduced into evidence before the Grand Jury. The interpreting officer did not testify. The statement admitted that the defendant produced a gun, but stated that the deceased had grabbed the gun and caused it to discharge. It is clear from the grand jurors’ reaction to the testimony of other witnesses who came before them, that this statement was critical to their finding of the indictment.
The defendant has moved to dismiss the indictment on the grounds that the receipt of this statement into evidence impaired the integrity of the proceedings to the defendant’s prejudice (CPL 210.35 [5]) in that the translation was unreliable, the interpreting officer speaking a dialect other than the Cantonese dialect spoken by the defendant. The court finds that the integrity of the proceedings was impaired to the defendant’s prejudice, on separate but related grounds, and therefore does not find it necessary to decide whether the interpreter was reliable.
The testimony of the detective as to what the interpreter stated the defendant told him, in a language the detective did not understand, was hearsay. (People v Chin Sing, 242 NY 419 [1926].) Moreover, since the interpreter was a police officer who was clearly an agent of the interrogator and not someone selected by the defendant to speak on his behalf, the interpreter’s statements cannot be attributed to the defendant. (Cf. generally, Annotation, Admissibility of Testimony Concerning Extrajudicial Statements Made to, or in Presence of, Witness Through an Interpreter, 12 ALR4th 1016.) Finally, the interpreter did not testify before the Grand Jury, and therefore, whatever necessity compelled the use of this particular officer to translate the defendant’s statements, this officer’s ability to make an accurate translation and the reliability of the written statement produced before the Grand Jury were not established. (People v Randazzio, 194 NY 147 [1909]; see, People v Perez, 128 Misc 2d 31 [Sup Ct, Kings County 1985], *982 affd 135 AD2d 665, 666 [2d Dept 1987].) Of course, with the exceptions specified by statute (CPL 190.30) only competent evidence is admissible before the Grand Jury.
Consequently, the integrity of the Grand Jury proceeding was impaired by the improper receipt into evidence of the detective’s version of the interpreter’s account of what the defendant said (cf., People v Sanchez, 125 Misc 2d 394, 398 [Sup Ct, Kings County 1984]) and insofar as the defendant’s statement was crucial to the Grand Jury’s determination of reasonable cause to believe that the defendant shot the deceased, the defendant was prejudiced by the error. The homicide counts and the count of criminal possession of a weapon with intent to use unlawfully against another (Penal Law § 265.03) are accordingly dismissed with leave to re-present evidence, including the testimony of the interpreting officer if competent, to another Grand Jury. The count of criminal possession of a weapon in the third degree (Penal Law § 265.02 [4]) is sustained, insofar as the written statement was not required to establish the defendant’s possession of the gun found on his person at the time of his arrest.
The court notes that in resubmitting the dismissed counts to the Grand Jury, the District Attorney must adduce from the interpreting officer evidence sufficient to establish that the interpreting officer was conversant in the Cantonese dialect and is able to swear to the accuracy of the statement he conveyed to the detective as the words of the defendant. (CPL 190.30 [7]; People v Perez, supra, 128 Misc 2d, at 34.)