[7 NYS3d 822]

THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v CARLOS HERNANDEZ, Respondent.

Supreme Court, Appellate Term, Second Department,
9th and 10th Judicial Districts, February 17, 2015

## APPEARANCES OF COUNSEL

*Thomas J. Spota III, District Attorney*, Riverhead (*Lauren Tan* of counsel), for appellant.

*Robert C. Mitchell, Legal Aid Society*, Riverhead (*Alfred J. Cicale* of counsel), for respondent.

## OPINION OF THE COURT

MEMORANDUM.

Ordered that the order is modified, as a matter of discretion in the interest of justice, by providing that defendant's motion to dismiss the accusatory instrument is granted unless within 60 days of the date of this decision and order the People file and serve the necessary certificates of translation as set forth in the decision herein; in the event the People timely serve and file the certificates, the motion is denied.

On January 29, 2012, the People charged defendant with forcible touching (Penal Law § 130.52) based on an inculpatory statement by defendant and the supporting depositions of the victim and two witnesses to the incident. In his statement, defendant expressed his preference to be questioned in Spanish, notwithstanding that he "speak[s] enough English to communicate with [the police]," and, in their depositions, the victim and one of the witnesses acknowledged that they are Spanish-speaking and cannot read or write English. The English language versions of the statements of defendant and the non-English speaking deponents recite that the statements had been translated orally into their native language, and that they had affirmed the truth of the facts set forth in the English versions on that basis.

Defendant moved to dismiss the accusatory instrument, arguing that, absent certificates of translation by the officers who had taken the statements attesting to their competence as translators, the English language versions of the statement of defendant, which contained significant admissions, and the statements of the victim and the witness, who did not under-

stand English, remained hearsay, rendering the accusatory instrument, a purported information, facially defective. Before the motion was decided, the People filed a superseding accusatory instrument, now relying solely on defendant's statement and that of the victim, but without certificates of translation. Defendant filed a second motion to dismiss on the ground raised in the first motion, and, on April 11, 2012, the District Court granted the motion, ruling that both statements were necessary to establish the elements of the offense, and that, absent certificates of translation, the statements remained hearsay. As an independent ground for dismissal, the court found that defendant's statement was uncorroborated (citing CPL 60.50).* The District Court denied the People's subsequent motion for leave to reargue and renew, and the People appeal from the April 11, 2012 dismissal order.

While defendant's stated preference to proceed in Spanish, notwithstanding an asserted ability to communicate in English, is arguably insufficient to raise a question as to defendant's ability to affirm the truth of the written English language version of his statement (see People v Honshj, 176 Misc 2d 170 [Crim Ct, Kings County 1998]), the English version recites only that the officer "has read this statement to me in Spanish. Everything [the officer] has read is the truth." There is no indication that defendant reviewed the written English version for its truth and accuracy (see Matter of Shaquana S., 9 AD3d 466, 467 [2004]). Consequently, a certificate of translation is necessary if the signed and sworn English version of defendant's statement is to be used to support the accusatory instrument. Even were no certificate necessary with respect to defendant's sworn statement, as defendant did not identify the victim in his statement, standing alone, the statement is insufficient to support the accusatory instrument. With respect to the victim's deposition, her statement therein, "I cannot read English and I speak only a few words of English," suffices to require a certificate. The inclusion in the signed and sworn English language version of her assertion that the police officer-translator had read the statement to her in Spanish and that what she heard was the truth does not cure the defect, as it cannot be inferred therefrom that the written English version

---

* We note, however, that confession corroboration is no longer required with respect to misdemeanor accusatory instruments (see People v Suber, 19 NY3d 247 [2012] [decided May 8, 2012, subsequent to the order appealed from]).

accurately represented what the victim had told the officer in Spanish or that what the officer had recited to her in Spanish competently communicated the content of the written English version, however truthful the content of the oral Spanish version may have appeared to the victim (*see People v Wing Choi Lo*, 150 Misc 2d 980, 982 [Sup Ct, NY County 1991]).

The issue then is whether the District Court properly dismissed the accusatory instrument outright or whether, as the People urge, the court should have permitted them an opportunity to produce the certificates of translation. Where there exist "unchallenged indicia" of a deponent's inability to speak or read English, in the exercise of discretion, rather than dismissing the accusatory instrument, a trial court may order that a certificate of translation be produced, here, to convert a misdemeanor complaint to an information (*People v Benitez*, 15 Misc 3d 1122[A], 2007 NY Slip Op 50798[U], *1 [Crim Ct, Kings County 2007]; *see also People v Banchs*, 173 Misc 2d 415, 418 [Crim Ct, Kings County 1997]). While there is no obligation on the court to do so as a procedural predicate to dismissing an accusatory instrument for facial insufficiency, and while the People were aware of the necessity of producing the requisite certificates yet failed either to move for leave to amend the accusatory instrument (CPL 100.45 [3]; 170.35 [1] [a]) by adding the certificates or to accompany the superseding instrument with such certificates, in our view, on the particular facts of this case, in the exercise of discretion, the District Court's order granting defendant's motion to dismiss should be modified by providing that the motion is granted unless within 60 days of the date of this decision and order the People file the necessary certificates of translation.

IANNACCI, J.P., MARANO and GARGUILO, JJ., concur.