The People of the State of New York, Appellant,
against
John Edwards, Defendant-Respondent



The People appeal from an order of the Criminal Court of the City of New York, Bronx County (Armando Montano, J.), dated December 5, 2016, which granted defendant's motion to dismiss the accusatory instrument pursuant to CPL 30.30.




Per Curiam.
Order (Armando Montano, J.), dated December 5, 2016, affirmed.
Defendant's CPL 30.30 motion to dismiss was properly granted. The People failed to convert the accusatory instrument into an information within the speedy trial period, since the statement of the translator filed with the supporting deposition of complainant Gloria Soriano did not comply with CPLR 2101(b). The statement was not in affidavit form, and it neither stated the qualifications of the translator nor that the translation was accurate (see Eustaquio v 860 Cortlandt Holdings, Inc., 95 AD3d 548 [2012]; see also 22 NYCRR 200.3 [papers filed in a criminal court must comply with provisions of CPLR 2101]).
We also reject the People's contention that a certificate of translation was not required to convert the accusatory instrument into an information. In the particular circumstances of this case, when the People filed a statement of a translator simultaneously with the Soriano supporting deposition, they provided indicia of Soriano's inability to speak or read English (see People v Hernandez, 47 Misc 3d 51 [2015], lv denied 25 NY3d 1073 [2015]; cf. Matter of Shaquana S., 9 AD3d 466 [2004]). In the circumstances, Criminal Court providently exercised its discretion in requiring a proper certificate of translation to be produced in order to convert the complaint into an information (see People v Hernandez, 47 Misc 3d at 54). Moreover, the People inexplicably failed to produce a proper certificate of translation despite being afforded several opportunities to do so.
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur
Decision Date: May 30, 2018