The People of the State of New York, Appellant,
against
Charo N. Allen, Respondent.




Suffolk County District Attorney (Lauren Tan of counsel), for appellant.
Suffolk County Legal Aid Society (Edward E. Smith of counsel), for respondent.

Appeal from an order of the District Court of Suffolk County, First District (Toni A. Bean, J.), dated May 29, 2018. The order granted the branch of defendant's motion seeking to dismiss the accusatory instrument.




ORDERED that the order is affirmed.
Defendant was charged in an accusatory instrument, executed by a police officer, with menacing in the second degree (Penal Law § 120.14 [1]). The instrument stated that it was "based solely upon information and belief, the source [of which] being" a written statement of the complaining witness. In that signed statement, written in English, the complaining witness swore that the factual allegations contained therein were "the truth" and indicated that she had had the statement read to her in Spanish by a different police officer. Defendant moved to, among other things, dismiss the accusatory instrument on the ground that it was facially insufficient, contending that the factual allegations contained therein were solely based upon the written English statement, which had been translated into Spanish for the complainant without a certificate of translation having been filed attesting to the accuracy of the translation. Consequently, defendant argued that this written statement, which was being used by the People as a supporting deposition, was defective and, as a result, the accusatory instrument should be dismissed since it was entirely based upon hearsay. In opposition to the motion, relying upon CPL 170.35 (1) (a), the People attached as an exhibit an "affidavit of translation" from the police officer who had taken the complaining witness's oral Spanish statement and written that statement in English, and then read the written English statement in Spanish to the complaining witness, thereby contending that this branch of defendant's motion should be denied as moot. By [*2]order dated March 23, 2018, the District Court, citing to CPLR 2101 (b), adjourned defendant's motion for 30 days and directed the People to file a superseding information, which should include "as supporting documents (1) a verified affidavit from [], the non-English speaking witness, in the language of said individual, including a verification in the foreign language, (2) an English language translation, and (3) an affidavit by the translator stating his qualifications and that the translation is accurate." In its order, the court further noted that, if the People failed to comply therewith, it would grant the branch of defendant's motion seeking to dismiss the accusatory instrument. 
Thereafter, the People moved for leave to reargue defendant's motion, contending that CPLR 2101 (b) did not apply to the instant matter. By order dated May 14, 2018, the District Court denied the People's motion. At a court conference held on May 29, 2018, the People indicated that they had no intention of filing a superseding information, whereupon the court granted the branch of defendant's motion seeking to dismiss the accusatory instrument. On appeal, the People contend that the court misapplied CPLR 2101 (b) and erroneously required them to file a superseding information with supporting documents. The People further argue that there was no basis for this directive, particularly since a sufficient "affidavit of translation" had already been served and filed by its inclusion in their opposition papers and thus any alleged hearsay defect contained in the supporting deposition had been cured, thereby rendering the accusatory instrument facially sufficient. 
An information is facially sufficient when nonhearsay allegations of the factual part of the information and/or of any supporting depositions establish, if true, every element of the offense charged and the defendant's commission thereof (see CPL 100.40 [1] [c]). In this criminal prosecution, it is uncontested that the complaining witness's supporting deposition was necessary to establish the elements of the charged offense. Since this written statement was being used to support and thereby convert the misdemeanor complaint into an information (see CPL 100.20), it is necessary to first determine whether the supporting deposition constituted hearsay. Here, as in People v Hernandez (47 Misc 3d 51 [App Term, 2d Dept, 9th & 10th Jud Dists 2015]),there was no indication that the complaining witness had reviewed her written English statement for its truth and accuracy. Similarly, the inclusion in the supporting deposition of the complaining witness's assertion "that the police officer-translator had read the statement to her in Spanish and that what she heard was the truth did not cure the defect, as it cannot be inferred therefrom that the written English version accurately represented what she had told the officer in Spanish or that what the officer had recited to her in Spanish competently communicated the content of the written English version, however truthful the content of the oral Spanish version may have appeared to" the complaining witness (Hernandez, 47 Misc 3d at 53-54). Consequently, as in Hernandez, a certificate of translation was required to cure the hearsay defect, since the written English statement was being "used to support the accusatory instrument" (Hernandez, 47 Misc 3d at 53; see also People v Edwards, 59 Misc 3d 148[A], 2018 NY Slip Op 50787[U] [App Term, 1st Dept 2018] [finding that a certificate of translation was required to convert an accusatory instrument, which relied upon the factual allegations contained in the supporting deposition of a non-English speaking witness, into an information]).
In Hernandez, this court indicated that for the People to include a certificate of translation which was being produced subsequent to the filing of an accusatory instrument and a supporting [*3]deposition, they are required to either move for leave to amend the accusatory instrument (see CPL 170.35 [1] [a]) to "add" it, or to file a superseding instrument accompanied with such a certificate (Hernandez, 47 Misc 3d at 54). Here, the record demonstrates that, although the People annexed an "affidavit of translation" as an exhibit to their papers submitted in opposition to the branch of defendant's motion seeking to dismiss the accusatory instrument, they did not explicitly move for leave to amend the accusatory instrument to add that document (see CPL 170.35 [1] [a] [when an information or a misdemeanor complaint is facially insufficient pursuant to the requirements of CPL 100.40 such an instrument may not be dismissed as defective, but must instead be amended, "where the defect or irregularity is of a kind that may be cured by amendment and where the people move to so amend" (emphasis added)]), and, as demonstrated by its order dated March 23, 2018, the District Court did not deem the "affidavit of translation" to have been filed and the accusatory instrument amended. Rather, the District Court adjourned defendant's motion to dismiss and directed the People to file a superseding instrument accompanied by various supporting documentation as required by CPLR 2101 (b). 
The People chose not to file any additional papers and, instead, challenge the propriety of the court's order. Under the circumstances presented, we need not pass on the propriety of all of the requirements of the court's order or even determine what a proper certificate of translation must include, since the People failed to properly file any certificate of translation, as they were required to do (see Edwards, 59 Misc 3d 148[A], 2018 NY Slip Op 50787[U]; Hernandez, 47 Misc 3d 51). Consequently, the District Court properly dismissed the accusatory instrument as being facially insufficient.
Accordingly, the order is affirmed.
GARGUILO, J.P., TOLBERT and EMERSON, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: May 30, 2019