People v Harris (2020 NY Slip Op 51127(U))

[*1]

People v Harris (Robert)

2020 NY Slip Op 51127(U) [69 Misc 3d 128(A)]

Decided on October 2, 2020

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on October 2, 2020
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : THOMAS P. ALIOTTA, P.J., MICHELLE WESTON, WAVNY
TOUSSAINT, JJ

2017-364 RI CR

The People of the State of New York,
Respondent, 
against
Robert Harris, Appellant. 

New York City Legal Aid Society (Ellen Dille of counsel), for appellant.
Richmond County District Attorney (Morrie I. Kleinbart and Alexander Fumelli of counsel), for
respondent.

Appeal from a judgment of the Criminal Court of the City of New York, Richmond County
(Raymond Rodriguez, J.), rendered January 5, 2017. The judgment convicted defendant, after a
nonjury trial, of unlicensed operation of a motor vehicle, and imposed sentence.

ORDERED that the judgment of conviction is affirmed.
Insofar as is relevant to this appeal, defendant was charged in an information with unlicensed
operation of a motor vehicle (Vehicle and Traffic Law § 509 [1]). Following a nonjury trial,
defendant was found guilty of this charge and sentence was imposed.
The sole issue defendant raises on appeal is that the accusatory instrument is jurisdictionally
defective because it "failed to establish reasonable cause to believe and a prima facie case that he
was guilty of driving without a license," since the factual allegation that he "was unable to
provide [the police officer with] a valid driver's license," did not constitute an allegation that
defendant was not duly licensed. The People respond, among other things, that defendant's
contention is unpreserved for appellate review.
In order for an information to be facially sufficient, it (and/or any supporting depositions
accompanying it) must allege nonhearsay allegations of fact of an evidentiary character that
establish, if true, every element of the offense charged (see CPL 100.15 [3]; 100.40 [1]
[c]; People v Jones, 9 NY3d 259, 261-263 [2007]; People v Casey, 95 NY2d 354
[2000]; People v Alejandro, 70 NY2d 133 [1987]). Contrary to the People's argument, the
failure to meet the above requirements, with the exception of a hearsay defect which is waived if
it is not timely raised by motion in the trial court (see People v Kalin, 12 NY3d 225
[2009]; People v Casey, 95 NY2d at 364-365), is jurisdictional and can be asserted at any
time (see People v Casey, 95 NY2d at 363; People v Alejandro, 70 NY2d at
135).
Vehicle and Traffic Law § 509 (1) states, in part, that "no person shall operate or drive a
motor vehicle upon a public highway of this state . . . unless he is duly licensed pursuant to the
provisions of this chapter." Vehicle and Traffic Law § 507 (2) provides that the "[f]ailure by
a licensee to exhibit a license valid for operation under this chapter to any . . . police officer shall
be presumptive evidence that he is not duly licensed." The information herein contains the factual
allegations of the deponent police officer that he had observed defendant operate a motor vehicle
on a public highway, and that defendant was unable to provide him with a valid driver's license.
Consequently, we find that the information alleges facts of an evidentiary character that establish,
if true, every element of the offense charged (see CPL 100.15 [3]; 100.40 [1] [c];
People v Jones, 9 NY3d at 261-263; People v Casey, 95 NY2d 354; People v
Alejandro, 70 NY2d 133), as it sets forth presumptive evidence that defendant was operating
a motor vehicle while not duly licensed (see Vehicle and Traffic Law § 507 [2]).
The law does not require that an information contain the most precise words or phrases which
most clearly express the thought; rather, the offense must be sufficiently alleged and defendant
provided with sufficient notice so that he can prepare for trial and not be tried again for the same
offense (see People v Sedlock, 8 NY3d 535, 538 [2007]; People v Konieczny, 2
NY3d 569, 575 [2004]; People v Casey, 95 NY2d at 360). Therefore, the accusatory
instrument is not jurisdictionally defective.
Accordingly, the judgment of conviction is affirmed.
ALIOTTA, P.J., WESTON and TOUSSAINT, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: October 2, 2020