People v Reyes (2020 NY Slip Op 51569(U))

[*1]

People v Reyes (Angel)

2020 NY Slip Op 51569(U) [70 Misc 3d 133(A)]

Decided on December 30, 2020

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on December 30, 2020
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : MICHELLE WESTON, J.P., DAVID ELLIOT, BERNICE D. SIEGAL, JJ

2018-1421 Q CR

The People of the State of New York,
Appellant,
against
Angel Reyes, Respondent. 

Queens County District Attorney (Joseph N. Ferdenzi, Edward D. Saslaw and SharonY. Brodt of
counsel), for appellant.
New York City Legal Aid Society (Jonathan Garelick of counsel), for respondent.

Appeal from an order of the Criminal Court of the City of New York, Queens County (Karen
Gopee, J.), dated April 26, 2018. The order, insofar as appealed from, upon granting reargument,
adhered to the determination in an order dated January 19, 2018 granting defendant's motion to
dismiss the accusatory instrument on statutory speedy trial grounds.

ORDERED that the order, insofar as appealed from, is reversed, on the law, upon
reargument, defendant's motion to dismiss the accusatory instrument on statutory speedy trial
grounds is denied, the accusatory instrument is reinstated, and the matter is remitted to the
Criminal Court for all further proceedings.
Defendant was arraigned on May 23, 2016 on charges of forcible touching (Penal Law
§ 130.52 [1]) and sexual abuse in the third degree (Penal Law § 130.55). The People
filed and served the supporting deposition of the complainant, dated May 22, 2016, to convert the
misdemeanor complaint to an information, and the People announced their readiness for trial.
The matter was adjourned to July 27, 2016, and then to October 24, 2016 for the People to turn
over voluntary early discovery. On October 24, although defense counsel questioned whether the
complainant could speak or read English, the matter was adjourned to November 14, 2016 on
consent of the parties.
On November 14, 2016, the People reported to the court that they had contacted the
complainant and confirmed that the written English supporting deposition had been recited to her
in Spanish by a police officer. The matter was adjourned to December 16, 2016 for a hearing and
for the People to file a certificate of translation. On December 16, the People served and filed a
certificate of translation, and the matter was adjourned to February 24, 2017 for a hearing. On
February 24, the parties were ready for the hearing, but no court parts were available. The matter
[*2]was adjourned to April 17, 2017. On April 17, the People
requested additional time to speak with the complainant about her familiarity with defendant.
The matter was adjourned to April 25, 2017.
On April 25, 2017, defendant moved to dismiss the accusatory instrument pursuant to CPL
30.30, arguing that more than 90 days had elapsed since he had been arraigned and the People
were not ready for trial. Specifically, defendant contended that, absent the filing of a certificate of
translation at arraignment, the People's statement of readiness was illusory as the complaint was
never converted and therefore was jurisdictionally defective during the span of the 90-day speedy
trial period. In an order dated January 19, 2018, the Criminal Court agreed and granted
defendant's motion, calculating that the People were chargeable with a total of 104 days, after
excluding periods of adjournment set forth in CPL 30.30 (4).
Thereafter, the People moved for leave to reargue their opposition to defendant's motion. By
order dated April 26, 2018, the Criminal Court granted reargument but adhered to its prior
determination.
Where, as here, criminal charges are commenced by way of a misdemeanor complaint, the
complaint must first be converted to an information that, together with any supporting
depositions, among other things, includes nonhearsay factual allegations which, if true, establish
every element of the offense charged (see CPL 100.40 [1] [c]). When a supporting
deposition is signed by a complainant who has not reviewed the contents of the complaint or who
does not speak or read English, it contains hearsay, as it does not reflect the complainant's
statements but rather "[law enforcement's] interpretation" of the statements (Matter of Edward
B., 80 NY2d 458, 463 [1992]; see
Matter of Shaquana S., 9 AD3d 466, 466-467 [2004]; People v Hernandez, 47 Misc 3d
51, 53 [App Term, 2d Dept, 9th & 10th Jud Dists 2015]; People v Benitez, 15 Misc 3d
1122[A], 2007 NY Slip Op 50798[U] [Crim Ct, Kings County 2007]). As such deficiencies
are not apparent from the face of the accusatory instrument itself, they constitute "latent" defects,
as opposed to the "facial" defects contemplated by CPL 100.40 (see Matter of Edward B.,
80 NY2d at 463, 464).
If, during the pre-trial stage, a court is presented with unchallenged indicia of a complainant's
lack of understanding and ability to speak or read English, a certificate of translation becomes
necessary to convert the misdemeanor complaint into an information (see People v
Hernandez, 47 Misc 3d at 53; People v Benitez, 15 Misc 3d 1122[A], 2007 NY Slip Op
50798[U]; People v Camacho, 185 Misc 2d 31 [Crim Ct, Kings County 2000]). Under
such circumstances, the court, in its discretion, may order the filing of a certificate of translation,
allowing the People a reasonable period of time to do so (see People v Benitez, 15 Misc 3d 1122[A], 2007 NY Slip Op
50798[U]; People v Camacho, 185 Misc 2d 31; People v Banchs, 173 Misc 2d
415 [Crim Ct, Kings County 1997]). Any period of time beyond such reasonable period is
chargeable to the People pursuant to CPL 30.30 (see People v Anderson, 66 NY2d 529,
540 [1985]; see also People v McKenna, 76 NY2d 59 [1990]).
Here, the People were required to announce their readiness for trial within 90 days of the
commencement of the action (see CPL 30.30 [1] [b]). As there was nothing on the face of
the misdemeanor complaint or the supporting deposition indicating that the complainant had not
read and understood it or was incapable of doing so, the requirements for facial sufficiency were
initially met at arraignment on May 23, 2016 (see Matter of Shaquana S., 9 AD3d at
466-467; [*3]People v Benitez, 15 Misc 3d 1122[A], 2007 NY Slip Op
50798[U]; People v Camacho, 185 Misc 2d 31) and the People's statement of readiness
on that date was not illusory (see People
v Figueroa, 165 AD3d 509, 509 [2018]). However, once the Criminal Court was
presented on November 14, 2016 with unchallenged indicia of the complainant's lack of
understanding and ability to speak or read English, a certificate of translation became necessary
(see People v Hernandez, 47 Misc 3d at 53; People v Benitez, 15 Misc 3d 1122[A], 2007 NY Slip Op
50798[U]; People v Camacho, 185 Misc 2d 31).
The Criminal Court properly exercised its discretion in giving the People the opportunity to
cure the latent hearsay defect by filing a certificate of translation (see People v Benitez, 15 Misc 3d
1122[A], 2007 NY Slip Op 50798[U]; People v Camacho, 185 Misc 2d 31;
People v Banchs, 173 Misc 2d 415), which the People did within a reasonable period of
time, 32 days later, on December 16, 2016. Along with the certificate of translation, the People
filed and served an affidavit from the complainant, in which she referred back to her initial
signing of the complaint and supporting deposition on May 22, 2016. As these documents
established that the complaint and supporting deposition had been adequately translated, the
Criminal Court erred in concluding that the complaint was not properly converted to an
information at the time of the service and filing of the signed supporting deposition on May 23,
2016, and the People should not have been charged with the intervening length of time during the
periods of the People's continued readiness (see People v Benitez, 15 Misc 3d 1122[A], 2007 NY Slip Op
50798[U]; People v Camacho, 185 Misc 2d 31). After excluding periods of adjournment
set forth in CPL 30.30 (4) and the reasonable 31 days allowed to the People to file and serve the
certificate of translation, the People were chargeable with a total of eight days. Consequently,
defendant's motion to dismiss should have been denied.
Accordingly, the order, insofar as appealed from, is reversed and, upon reargument,
defendant's motion to dismiss the accusatory instrument on statutory speedy trial grounds is
denied.
ELLIOT and SIEGAL, JJ., concur.
WESTON, J.P., dissents and votes to affirm the Criminal Court order, insofar as appealed
from, in the following memorandum:
In my opinion, absent a certificate of translation, the complaint was never properly converted
to an information. Such defect renders the People's statement of readiness at arraignment illusory
and warrants dismissal of the complaint on speedy trial grounds. Accordingly, I respectfully
dissent and vote to affirm the order of the Criminal Court, insofar as appealed from.
As relevant here, for a misdemeanor complaint to be converted to an information, the
accusatory instrument, along with any supporting depositions, must contain nonhearsay
allegations which, if true, establish every element of the offense charged (see CPL 100.40
[1] [c]; People v Alejandro, 70 NY2d 133 [1987]). While an information containing a
latent hearsay defect does not require dismissal (see People v Harris, 69 Misc 3d 128[A], 2020 NY Slip Op
51127[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2020]), it does not relieve the
People of their obligation to candidly declare their readiness for trial. A complaint that is
converted to an information assures the court and, more importantly the accused, that the
truthfulness and accuracy of the charges have been duly verified (see CPL 100.30 [1]
[d]). Without such [*4]verification, the People cannot truthfully
assert their readiness to proceed to trial (see People v Colon, 59 NY2d 921 [1983],
revg 122 Misc 2d 790 [App Term, 1st Dept 1982] for reasons stated in 110 Misc
2d 917 [Crim Ct, NY County 1981] [the People cannot be ready on an unconverted misdemeanor
complaint]; see also People v Wilson, 86 NY2d 753, 754-755 [1998] [the People were
ready for trial once they had "possessed a valid accusatory instrument"]; People v
Caussade, 160 AD2d 4 [1990] ["present readiness for trial is established when the People
have a valid accusatory instrument upon which the defendant may be brought to trial"]; People v Reyes, 24 Misc 3d 51
[App Term, 2d Dept, 9th & 10th Jud Dists 2009] [since original informations were
jurisdictionally defective, the People's statement of readiness at arraignment was illusory]).
Present readiness is established under CPL 30.30 when the People have declared their
readiness on the record, and they are, in fact, ready to proceed to trial (see People v
Kendzia, 64 NY2d 331 [1985]). A declaration of readiness, "while presumptively truthful
and accurate, 'entails more than a mere empty assertion of readiness' " (People v Guirola, 51 Misc 3d 13,
16 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2016], quoting People v Stirrup,
91 NY2d 434, 440 [1998]). "It must be a good faith, affirmative representation on the record of
present and actual readiness" (People v Guirola, 51 Misc 3d at 16
[emphasis in original]). A statement of readiness made "at a time when the People are not
actually ready is illusory" (People v England, 84 NY2d 1, 4 [1994]).
Here, the People bore the burden of ensuring that the complaint and any supporting
depositions were sufficient to confer jurisdiction on the Criminal Court (see People v
Colon, 110 Misc 2d at 920). Unlike defendant, the People were in a better position to
uncover the "latent" defect in the accusatory instrument (cf. id. at 921-922). Indeed, the
record in this case shows that the defect here was anything but latent (cf. People v Antonovsky, 41 Misc 3d
44 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2013] [no speedy trial violation
where hearsay defect was not discovered until trial]). Both the online booking report and the
Intake Bureau crime report unequivocally point to complainant's lack of proficiency in English.
For the People to declare their readiness, despite having had this information, was not only
illusory, but disingenuous. Even if the People were unaware of this information at arraignment,
they at least had an obligation to speak with complainant before making any representations on
the record as to their ability to proceed to trial. As the court below noted, had the People spoken
with complainant at the time they announced their readiness at arraignment, they would have
been aware of complainant's inability to speak English and that a certificate of translation would
be required. The fact that the People did not ascertain this defect until well after they declared
their readiness for trial renders their declaration illusory.
Moreover, the People did not cure this error by subsequently filing a certificate of translation.
"[T]he failure to properly sign and verify an accusatory instrument or supporting deposition [ ]
cannot be regarded as a mere irregularity curable at any later date, after expiration of the speedy
trial period" (People v Phillipe, 142 Misc 2d 574, 580-581 [Crim Ct, Kings County
1989]). Indeed, a court is not required to order a certificate of translation "as a procedural
predicate to dismissing an accusatory instrument for facial insufficiency" (People v Hernandez, 47 Misc 3d
51, 54 [App Term, 2d Dept, 9th & 10th Jud Dists 2015]). Since the People failed to
convert the misdemeanor complaint to an information within the statutory speedy trial period,
[*5]defendant's motion to dismiss was properly granted (see People v Brooks, 63 Misc 3d
158[A], 2019 NY Slip Op 50859[U] [App Term, 1st Dept 2019]).
Accordingly, I dissent and vote to affirm the order of the Criminal Court, insofar as appealed
from.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: December 30, 2020