People v Garai (2021 NY Slip Op 51199(U))

[*1]

People v Garai (Bela)

2021 NY Slip Op 51199(U) [73 Misc 3d 141(A)]

Decided on December 10, 2021

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on December 10, 2021
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : THOMAS P. ALIOTTA, P.J., DAVID ELLIOT, DONNA-MARIE E. GOLIA,
JJ

2017-1514 K CR

The People of the State of New York,
Respondent,
against
Bela Garai, Appellant. 

Appellate Advocates (Anna Kou of counsel), for appellant.
Kings County District Attorney (Leonard Joblove and Julian Joiris of counsel), for respondent.

Appeal from a judgment of the Criminal Court of the City of New York, Kings County
(Joanne D. Quiñones, J.), rendered April 12, 2017. The judgment convicted defendant,
after a nonjury trial, of attempted forcible touching, sexual abuse in the third degree and
harassment in the second degree, and imposed sentence.

ORDERED that the judgment of conviction is reversed, on the law, and the accusatory
instrument is dismissed.
On March 26, 2016, the People filed a misdemeanor complaint charging defendant with
forcible touching (Penal Law § 130.52 [1]), sexual abuse in the third degree (Penal Law
§ 130.55) and harassment in the second degree (Penal Law § 240.26 [1]), and
defendant was arraigned thereon. The court adjourned the case to May 10, 2016 for conversion of
the misdemeanor complaint to an information. On May 10th, the People served and filed a
supporting deposition and the court adjourned the case to June 16, 2016 for discovery. On June
16th, the People filed and served discovery, and the court adjourned the case to September 8,
2016. On September 8th, the People stated that they were not ready for trial because the
complaining witness was not available and the case was adjourned to October 27, 2016. At the
proceeding on October 27, 2016, the People informed the court that the arresting officer was not
available and the prosecutor on the case was out sick. The People requested a 14-day
adjournment to November 10, 2016. Defense counsel requested an adjournment to sometime
during the week of December 5, 2016. The court adjourned the case to December 13, 2016. On
[*2]December 13th, the interpreter was absent and the court
adjourned the case to February 27, 2017 for trial. The minutes of February 27, 2017 indicate that
the People announced their readiness for trial.
Following a nonjury trial, defendant was found guilty of attempted forcible touching (Penal
Law §§ 110.00, 130.52 [1]), sexual abuse in the third degree (Penal Law §
130.55) and harassment in the second degree (Penal Law § 240.26 [1]).
On appeal, defendant contends, among other things, that his counsel was ineffective because
she failed to make a motion to dismiss on statutory speedy trial grounds.
The People concede that there is no written statement of readiness in the court file and there
was no oral statement of readiness which appears in any of the minutes contained in the record
other than a statement of readiness that was made on February 27, 2017. However, the People
now claim that the court stenographer made an "error perhaps" transcribing the proceedings on
May 10, 2016, in that the minutes thereof fail to contain a statement of readiness for trial because
the stenographer inadvertently substituted the phrase "corroborating affidavit" for the closely
associated phrase "People are ready" or words to that effect. 
To be entitled to relief under the New York State Constitution on the ground of ineffective
assistance of counsel, a defendant must establish that his counsel did not provide him with
meaningful representation (see People v Benevento, 91 NY2d 708, 713 [1998];
People v Baldi, 54 NY2d 137, 147 [1981]; see also People v Caban, 5 NY3d 143, 152 [2005]). Under the
federal standard of review, a "defendant must show that counsel's performance was deficient . . .
[and] that the deficient performance prejudiced the defense" (Strickland v Washington,
466 US 668, 687 [1984]). 
Since defendant was initially charged with class A misdemeanors, the People were required
to be ready for trial within 90 days of the commencement of the action (see CPL 30.30
[1] [b]; see also People v Lomax, 50 NY2d 351, 356 [1980]). Once a defendant has
shown the existence of a delay greater than 90 days, the burden of showing that certain periods of
time should be excluded falls on the People (see People v Brown, 28 NY3d 392, 403 [2016]; People v
Luperon, 85 NY2d 71, 81 [1995]; People v Berkowitz, 50 NY2d 333, 349 [1980]).

The People cannot assert their readiness to proceed to trial until there is an accusatory
instrument sufficient for trial (see People v Colon, 59 NY2d 921 [1983], revg 122
Misc 2d 790 [App Term, 1st Dept 1982] for reasons stated in 110 Misc 2d 917 [Crim Ct,
NY County 1981] [the People cannot be ready on an unconverted misdemeanor complaint];
see also People v Wilson, 86 NY2d 753, 754-755 [1995] [the People were ready for trial
once they had "possessed a valid accusatory instrument"]; People v Caussade, 162 AD2d
4, 8 [1990] ["present readiness for trial is established when the People have a valid accusatory
instrument upon which the defendant may be brought to trial"]; People v Reyes, 70 Misc 3d
133[A], 2020 NY Slip Op 51569[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists
2020]). 
Here, the action commenced on March 26, 2016 with the filing of the misdemeanor
complaint (see CPL 100.05). The 45-day period from March 26, 2016 to May 10, 2016 is
chargeable to the People, as they concede. Since the People had not previously declared their
readiness for trial, the 49 days from September 8, 2016, when they stated they were not ready for
trial, to October 27, 2016 are chargeable to the People, as this time is not excludable as a delay
caused by court scheduling (see People v Smith, 82 NY2d 676, 678 [1993]; People v
Kendzia, 64 [*3]NY2d 331, 337 [1985]; People v
Tavarez, 147 AD2d 355, 356 [1989]; People v Green, 90 AD2d 705, 706 [1982]) or
an adjournment made at the request or consent of defendant (see CPL 30.30 [4] [b]).
Moreover, the People's claim that, on May 10, 2016, the court stenographer had made an "error
perhaps" in failing to record an announcement of readiness for trial, is unavailing and
unsupported by the record by which we are bound (see People v Prior, 4 NY2d 70, 73
[1958]). We note that the Criminal Court's action sheet does not show that the People made any
such announcement of readiness for trial on May 10th. In view of the foregoing, we need not
consider the remaining challenged time, since defendant has established that more that 90 days
are chargeable to the People.
As the People exceeded the 90-day statutory limit, defense counsel's failure to move to
dismiss the information based upon the People's noncompliance with the statutory speedy trial
requirement was sufficiently egregious to constitute the denial of meaningful representation (see People v Devino, 110 AD3d
1146, 1149 [2013]; People v Jackson, 172 AD2d 874, 875 [1991]; People v Jenkins, 58 Misc 3d
150[A], 2018 NY Slip Op 50088[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists
2018]). Since further prosecution on this information is not possible due to the impermissible
statutory speedy trial delay, the information must be dismissed (see People v Devino, 110
AD3d at 1149; People v Jenkins, 58
Misc 3d 150[A], 2018 NY Slip Op 50088[U], *2). 
In view of the foregoing, we pass on no other issue.
Accordingly, the judgment of conviction is reversed and the accusatory instrument is
dismissed.
ALIOTTA, P.J., ELLIOT and GOLIA, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: December 10, 2021