| |
|---|
| **Brighton Bldr. LLC. v Bedford Landscape Contrs., LLC** |
| 2024 NY Slip Op 30475(U) |
| February 13, 2024 |
| Supreme Court, Kings County |
| Docket Number: Index No. 510225/2023 |
| Judge: Leon Ruchelsman |

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS : CIVIL TERM: COMMERCIAL PART 8
---------------------------------------------x
BRIGHTON BUILDER LLC.,

                              Plaintiff,      Decision and order

          - against -                         Index No. 510225/2023

BEDFORD LANDSCAPE CONTRACTORS, LLC,
LEV FELDMAN, and PLAY SOLUTIONS, INC.,
                              Defendants,      February 13, 2024
---------------------------------------------x
PRESENT: HON. LEON RUCHELSMAN                 Motion Seq. #2 & #3


     The plaintiff has moved pursuant to CPLR §2221 seeking to

reargue a decision and order dated October 10, 2023.

Specifically, the plaintiff seeks to reargue the dismissal of

counts four, five, six and seven on the grounds no defendant ever

moved seeking their dismissal.  The defendant Feldman and Play

Solutions Inc., has cross-moved pursuant to CPLR §3211 seeking to

dismiss those very causes of action.  The motions have been

opposed respectively.  Papers were submitted by the parties and

after reviewing all the arguments this court now makes the

following determination.

     As recorded in a prior order, on October 15, 2020 the

defendant Bedford, a construction company hired by the City of

New York to perform various work throughout the city, hired the

plaintiff as a subcontactor.  Some payments were made to the

plaintiff, however, the plaintiff asserts they are still owed

$662,695.17 for work performed.  The plaintiff asserted causes of

action for breach of contract, quantum meruit, conversion, breach

of fiduciary duty, breach of good faith and fair dealing and the faithless servant doctrine. The court dismissed them all except for the breach of contract claim. The plaintiff has now moved seeking to reargue that determination. As noted, the defendant has opposed and has cross-moved.

## Conclusions of Law

A motion to reargue must be based upon the fact the court overlooked or misapprehended fact or law or for some other reason mistakenly arrived at in its earlier decision (Deutsche Bank National Trust Co., v. Russo, 170 AD3d 952, 96 NYS3d 617 [2d Dept., 2019]).

The motion seeking reargument is granted. Upon reargument the court will necessarily examine the causes of action now sought to be dismissed.

The four causes of action sought to be reargued and dismissed are only against defendant Feldman and must be analyzed in that vein.

It is well settled that to establish a claim for conversion the party must show the legal right to an identifiable item or items and that the other party has exercised unauthorized control and ownership over the items (Fiorenti v. Central Emergency Physicians, PLLC, 305 AD2d 453, 762 NYS2d 402 [2d Dept., 2003]). As the Court of Appeals explained "a conversion takes place when

2

someone, intentionally and without authority, assumes or exercises control over personal property belonging to someone else, interfering with that person's right of possession...Two key elements of conversion are (1) plaintiff's possessory right or interest in the property...and (2) defendant's dominion over the property or interference with it, in derogation of plaintiff's rights" (see, Colavito v. New York Organ Donor Network Inc., 8 NY3d 43, 827 NYS2d 96 [2006]). Therefore, where a defendant "interfered with plaintiff's right to possess the property" (Hillcrest Homes, LLC v. Albion Mobile Homes, Inc., 117 AD3d 1434, 984 NYS2d 755 [4th Dept., 2014]) a conversion has occurred.

However, merely alleging a debt that is owed does not establish a cause of action for conversion (see, Double Alpha Inc., v. Mako Partners L.P., 2000 WL 1036034 [S.D.N.Y. 2000]). As the court noted in Traffix Inc., v. Herold, 269 F.Supp2d 263 [S.D.N.Y. 2003] "a conversion action cannot be predicated on an equitable interest or a mere breach of contractual obligation" (id). Indeed, the entire conversion claim is premised upon the allegation there is an unpaid balance due the plaintiff. However, conversion is only applicable where there is an "identifiable fund and an obligation to return or otherwise treat in a particular manner the specific fund in question" (Manufacturers Hanover Trust Company v. Chemical Bank, 160 AD2d

3

113, 559 NYS2d 704 [1st Dept., 1990]). In this case there is merely an outstanding debt owed to the plaintiff. That does not establish the claim of conversion. Consequently, the motion seeking to dismiss this claim is granted.

The next causes of action allege breaches of a fiduciary duty and breaches of good faith and fair dealing against Lev Feldman an employee of the plaintiff. These claims are distinct from any claims for breach of contract since they involve a party, Feldman, that is not accused of breaching the contract at all.

It is well settled that an employee owes a duty of good faith and loyalty to an employer in the performance of the employee's duties (McKinnon Doxsee Agency Inc., v. Gallina, 187 AD3d 733, 132 NYS2d 144 [2d Dept., 2020]). Further, an employee maintains a fiduciary duty to an employer. As the court noted in Nielson Co. (US) LLC v. Success Systems Inc., 2013 WL 1197857 [S.D.N.Y. 2013] "as a matter of law, an employee owes a fiduciary duty to his employer and is prohibited from acting in any manner inconsistent with his agency or trust and is at all times bound to exercise the utmost faith and loyalty in the performance of his duties" (id). Likewise, the cause of action for a breach of implied covenant of good faith and fair dealing is premised upon parties to a contract exercising good faith while performing the terms of an agreement (Van Valkenburgh Nooger & Neville v. Hayden

4

[* 4]

Publishing Co., 30 NY2d 34, 330 NYS2d 329 [1972]).

At this stage of the litigation, the complaint adequately alleges that Feldman breached these duties to the plaintiff. Therefore, upon reargument the motion seeking to dismiss these causes of action as to Feldman is denied.

Lastly, the faithless servant doctrine was first coined in Herman v. Branch Motor Express Co., 67 Misc2d 444, 323 NYS2d 794 [Civil Court of the City of New York, 1971] where the court stated "a servant who is faithless to his master on Tuesday thereby forfeits the wages he earned on Monday" (id). The doctrine states that an agent who owes a duty of fidelity to a principal and is faithless in that duty thereby forfeits compensation due (see, Phansalkar v. Anderson Weinroth & Company L.P., 344 F3d 184 [2d Cir. 2003]). Further, pursuant to the doctrine the employer is entitled to a return of any compensation paid to an employee during the period of her disloyalty (CARCO GROUP, Inc., v. Maconachy, 718 F3d 72 [2d Cir. 2013], see, also, Torres v. Gristede's Operating Corp., 628 F.Supp2d 447 [S.D.N.Y. 2008]).

The Verified Complaint contains sufficient allegations the defendant Feldman forfeited his compensation by acting in a faithless manner. Thus, the Verified Complaint asserts the defendant improperly took negative actions against the plaintiff (see, Verified Complaint, ¶¶32,33 ¶¶13-15 of Count Five,

improperly so numbered [NYSCEF Doc. No. 1]). While those allegations will be the subject of discovery, at this stage of the litigation they adequately allege the elements of the faithless servant doctrine. Further discovery will surely narrow ans sharpen these issues. Therefore, the motion seeking to dismiss that cause of action is also denied. Thus, upon reargument causes of action, five, six and seven against Feldman are reinstated.

       So ordered.

            ENTER:

DATED: February 13, 2024  
      Brooklyn N.Y.

_____  
Hon. Leon Ruchelsman  
JSC