People v Brooks (2025 NY Slip Op 25178)

[*1]

People v Brooks

2025 NY Slip Op 25178

Decided on August 4, 2025

Criminal Court Of The City Of New York, Kings County

Zelmanovitz, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the printed Official Reports.

Decided on August 4, 2025
Criminal Court of the City of New York, Kings County

The People of the State of New York

against
Lezney Brooks, Defendant.

Docket No. CR-044507-24KN

Counsel for Defendant: Alan Ross, Esq.
Counsel for the People: William Pak, Esq.

Jacob Zelmanovitz, J.

The defendant moves to dismiss this action, pursuant to CPL § 30.30, alleging, inter alia, that the People failed to timely file a supporting deposition with the court, rendering their statement of readiness ("SOR") invalid. The People oppose.
For the reasons set forth below, the motion is GRANTED, and this case is DISMISSED.
PROCEDURAL HISTORY
On October 21, 2024, the People filed, and the defendant was arraigned on, the misdemeanor complaint in this matter. Defendant was charged with operating a motor vehicle while under the influence of alcohol or drugs pursuant to Vehicle and Traffic Law §§ 1192 (1), (2) and (3).
On December 11, 2024, the People filed, but did not serve, a superseding instrument ("SSI"), and did not file a supporting deposition.
On December 19, 2024, the parties appeared in the DWI part. On that date, the People were not ready for trial, and the matter was adjourned.
On January 15, 2025, the People served and filed their COC, SOR, and Notice and Disclosure Form ("NDF"). Included in the materials served upon the defendant was a supporting deposition for the SSI signed by Sergeant Manko Cheung on December 18th, 2024.
On February 10, 2025, the parties appeared in the DWI part, and a motion schedule was set.
On March 28, 2025, the defendant's counsel sent an email to the People stating, among other things, that the supporting deposition was not filed with the court. On April 8, 2025, the People filed the missing supporting deposition with the court.
On April 20, 2025, the defendant's counsel served and filed their instant motion to dismiss. On May 23, 2025, the People served and filed their opposition to the instant motion. On May 26, 2025, the defendant filed and served their reply. On June 8, 2025, the defendant filed and served another reply.

DISCUSSION

A criminal action may be commenced through the filing of a misdemeanor complaint, which may include hearsay allegations (CPL § 100.15), as was the case here. However, a statement of readiness will not be valid in such a case unless that complaint is converted to a triable accusatory instrument, such as via a supporting deposition (CPL §§ 30.30 [5-a], 100.40). The issue at hand is whether timely service of the supporting deposition upon the defendant is sufficient alone, or if timely filing with the court was also required.
Criminal Procedure Law § 100.20 also states that a supporting deposition must be "filed in connection with an information, a simplified information, a misdemeanor complaint or a felony complaint" if it did not accompany the original accusatory instrument (emphasis added). Thus, the statue clearly requires that the supporting deposition be filed with the court, and not only only served on the defendant.
Similarly, it is well established that service alone of a statement of readiness does not suffice, but that it must be filed with the court as well (People v Kendzia, 64 NY2d 331 [1985]; People v Cox, 161 AD3d 1100 [2d Dept 2018]; see also People v Licius, 82 Misc 3d 18 [App Term 2d Dept, 2d, 11th & 13th Jud Dists 2023]). Other courts have analogized the supporting deposition to the statement of readiness in that filing with the court is "critical," and service is secondary (People v Grant, 85 Misc 3d 1232[A] [Crim Ct, Bronx County 2025]). 
In addition, a SOR made before all the requisites for trial are in place is regarded as illusory and ineffective, as readiness for trial means present readiness, and not a statement that the People will be ready on some future date (People v Williams, 231 AD3d 972 [2d Dept 2024]; People v Moore, 233 AD3d 802 [2d Dept 2024]). Doubtless the People here would be ready for trial on a future date, as they clearly had a supporting deposition ready — but it had not yet been filed with the court, and so they were not ready for trial when they filed their SOR in this case (see People v Reyes [Angel], 2020 NY Slip Op 51569[U] *3-4, 70 Misc 3d 133[A], Weston, J.P., dissenting [App Term 2d Dept, 2d, 11th & 13th Jud Dists 2020]).
As such, the supporting deposition in this case, though served on January 15, 2025, was of no consequence until it was filed with the court on April 8, 2025. As a result, the People's statement of readiness was not valid until at least April 8, 2025, if at all. The top count in this case is a misdemeanor punishable by a sentence of more than three months imprisonment. Accordingly, the People were to announce their readiness for trial within 90 days of the commencement of the action (CPL § 30.30), or by January 20, 2025. The supporting deposition was not filed with the court until April 8, 2025, which was too late to cure the deficiency in that statement of readiness (if this shortfall could be cured), and so the People have failed to meet their 90-day speedy trial requirement.

CONCLUSION

For the aforementioned reasons, this court finds that the People have exceeded their 90-day CPL § 30.30 speedy trial time. 
The accusatory instrument was filed on October 21, 2024, the People filed their COC and SOR on January 15, 2025, and defense counsel filed the underlying motion on April 20, 2025. As the court finds the People's SOR to be invalid, at least until the belated filing of the supporting deposition, the People are charged a total of 168 days. As the People have exceeded their 90-day speedy-trial time limitation, the defendant's motion to dismiss is GRANTED and [*2]this case is DISMISSED.
This constitutes the Decision and Order of the Court.
Dated: August 4, 2025
Hon. Jacob Zelmanovitz
Judge, Criminal Court