People v Tevelev (2025 NY Slip Op 50488(U))

[*1]

People v Tevelev (Mikhail)

2025 NY Slip Op 50488(U)

Decided on March 28, 2025

Appellate Term, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on March 28, 2025
SUPREME COURT, APPELLATE TERM, SECOND DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : MARINA CORA MUNDY, J.P., CHEREÉ A. BUGGS, LISA S. OTTLEY, JJ

2022-230 K CR

The People of the State of New York, Respondent,
against
Mikhail Tevelev, Appellant. 

Appellate Advocates (Alice R. B. Cullina of counsel), for appellant.
Kings County District Attorney (Leonard Joblove, Ann Bordley and David E. Mehl of counsel), for respondent.

Appeal from a judgment of the Criminal Court of the City of New York, Kings County (Deepa Ambekar, J.), rendered March 2, 2022. The judgment convicted defendant, upon a plea of guilty, of driving while intoxicated (per se), and imposed sentence. The appeal brings up for review an order of the same court dated March 2, 2022 denying defendant's motion to dismiss the accusatory instrument on statutory speedy trial grounds.

ORDERED that the judgment of conviction is reversed, on the law, the March 2, 2022 order denying defendant's motion to dismiss the accusatory instrument on statutory speedy trial grounds is vacated, defendant's motion is granted, and the accusatory instrument is dismissed.
Insofar as is relevant to this appeal, on September 24, 2019, the People filed a misdemeanor information charging defendant with aggravated driving while intoxicated (Vehicle and Traffic Law § 1192 [2-a] [a]), driving while intoxicated (per se) (Vehicle and Traffic Law § 1192 [2]), driving while intoxicated (common law) (Vehicle and Traffic Law § 1192 [3]), and driving while ability impaired (Vehicle and Traffic Law § 1192 [1]). During defendant's arraignment that day, the People stated ready. On December 17, 2019, when hearings and the trial were scheduled, the People stated that they were not ready and requested six days because the arresting officer was unavailable. The matter was adjourned to January 22, 2020. On January 22, the People answered that they were "not discovery compliant." The Criminal Court adjourned the matter to February 13, 2020. On February 13, the People did not file a certificate of compliance (COC), but filed an inventory of discovery already disclosed and stated that they had a few memo books and 911 calls that they had yet to receive and turn over to the defense. The court adjourned the matter again. During the 79-day period between January 1, 2020 and March 20, 2020, the People neither filed a COC nor stated ready. From March 20, 2020 through October 4, 2020, Governor Cuomo tolled the time accruing pursuant to CPL 30.30 because of the Covid-19 pandemic (see Executive Order [A. Cuomo] No. 202.8 [9 NYCRR 8.202.8]; Executive Order [A. Cuomo] No. 202.67 [9 NYCRR 8.202.67]; see also People v Carter, 80 Misc 3d 127 [A], 2023 NY Slip Op 50889[U], *1-2 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2023]). [*2]On September 17, 2020, the People filed off calendar a COC with a statement of readiness (SOR) but without a CPL 30.30 (5-a) certification that the charges were facially sufficient. During the time that CPL 30.30 was tolled, the court administratively adjourned the case to November 13, 2020, but that calendar call never occurred. The record indicates that the Criminal Court lost the case file, and the matter remained off calendar until December 16, 2021. On December 16, the court adjourned the case to January 13, 2022 at the parties' request for possible disposition; defense counsel waived speedy trial time from December 16 to January 13. On December 28, 2021, the People filed a supplemental COC and SOR along with a CPL 30.30 (5-a) certification. The supplemental COC stated that the People had "reshared" the body worn camera videos, and provided disclosure letters of Giglio material (see Giglio v United States, 405 US 150 [1972]) and underlying misconduct files for two officers. 
On January 13, 2022, counsel raised discovery issues about missing body worn camera videos and missing underlying police misconduct records. The People represented that the body worn camera videos were accidentally mislabeled causing one video to be disclosed twice while causing another to remain undisclosed, but that they had since remedied that mistake and turned over all body worn camera videos. The court adjourned the case to January 18, 2022 for the assigned prosecutor to appear. At the January 18 calendar call, the People supplied the court with copies of the Giglio letters for both officers but only provided the underlying files for one of the two officers listed. The prosecutor also asserted that no other body worn camera videos existed. The court ordered the People to disclose the other officer's underlying misconduct records by February 10, 2022 and adjourned the case to March 2, 2022. The People disclosed the misconduct records on February 16, 2022.
On February 28, 2022, defendant moved to dismiss the accusatory instrument on statutory speedy trial grounds. He argued that the People failed to validly state ready before the speedy trial clock expired because they failed to certify that the charges were facially sufficient as required by CPL 30.30 (5-a). He also challenged the validity of the original COC because the People failed to turn over certain pieces of discovery, including the underlying misconduct records and the single body worn camera video that he had since received. Alternatively, and regardless of the validity of the COCs, defendant argued that the People were chargeable for at least 92 days of delay, counting "86 days" of delay before March 20, 2020, and at least six more when they failed to meet the court-imposed deadline of February 10, 2022 to disclose the misconduct records. On March 2, 2022, the People orally responded and conceded that they were responsible for the six days that they asked for in December 2019 and all of the time from January 1, 2020 through March 20, 2020, but that their total chargeable time was less than 90 days. The People then argued that they did not have to file a CPL 30.30 (5-a) statement certifying that the charges were facially sufficient before they could validly state ready, as they could make that statement at any time, which would be retroactively effective. In an order dated March 2, 2022, the Criminal Court (Deepa Ambekar, J.) denied defendant's motion. Defendant then pleaded guilty to driving while intoxicated (per se) and sentence was imposed.
On appeal, defendant argues, among other things, that his statutory speedy trial motion should have been granted, the denial of which is reviewable despite his guilty plea (see CPL 30.30 [6]; People v Gore, 224 AD3d 848, 848 [2024]). In response, the People argue for the first time that the CPL 30.30 amendments that took effect on January 1, 2020 did not render them unready that day based on their having stated ready on September 24, 2019 and the Court of Appeals' decision in People v King (42 NY3d 424 [2024]).
By their expressed concession to the Criminal Court as well as their course of conduct, the People conceded, albeit erroneously, that, notwithstanding their 2019 statement of readiness, they were rendered unready by virtue of the amendments to CPL 30.30 and CPL article 245 effective January 1, 2020 (see King, 42 NY3d 424). In light of their concession (People v Lovett, 40 NY3d 1018, 1019 [2023], citing CPL 470.05 [2]), we decline to review the People's unpreserved contentions. In the alternative, this court lacks the authority to consider the People's unpreserved argument because it is an alternate ground for affirmance never raised before, or [*3]decided by, the Criminal Court (see CPL 470.15 [1]; People v Ingram, 18 NY3d 948, 949 [2012]; People v Concepcion, 17 NY3d 192, 195 [2011]; People v LaFontaine, 92 NY2d 470, 474 [1998]; People v Goodfriend, 64 NY2d 695 [1984]). We note that the People's statement that they were "not discovery compliant" on January 22, 2020 was an on-the-record assertion that, at the very least, they were no longer ready as of that date, if not retroactively to January 1, 2022, and all parties acted accordingly. The People's appellate contention to the contrary is belied by the record (see People v Carthon, 53 Misc 3d 88, 92 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2016] [rejecting the People's appellate claim that they made an accurate statement of readiness because they did not need an officer's testimony since the People had elsewhere stated they were not ready because that same officer was unavailable]).
Since the most serious offense charged in the accusatory instrument was a misdemeanor punishable by a sentence of imprisonment of more than three months, the People needed to be ready within 90 days of the commencement of the action (see CPL 30.30 [1] [b]; Vehicle and Traffic Law § 1193 [1] [b]; see also People v Lomax, 50 NY2d 351, 356 [1980]). For the reasons stated in People v Ward (79 Misc 3d 129[A], 2023 NY Slip Op 50688[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2023]), the People's September 17, 2020 SOR, which did not include a CPL 30.30 (5-a) certification, did not stop the speedy trial clock that began again on January 22, 2020. The People were thus responsible for well over 90 days of delay. Consequently, the Criminal Court should have granted defendant's February 28, 2022 motion to dismiss the accusatory instrument on statutory speedy trial grounds (see Carter, 2023 NY Slip Op 50889[U], *3).
In view of the foregoing, we reach no other issue.
Accordingly, the judgment of conviction is reversed, the order issued March 2, 2022 denying defendant's motion to dismiss the accusatory instrument on statutory speedy trial grounds is vacated, defendant's motion is granted, and the accusatory instrument is dismissed.
BUGGS and OTTLEY, JJ., concur.
MUNDY, J.P., taking no part.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: March 28, 2025