People v Williams (2025 NY Slip Op 06535)

People v Williams

2025 NY Slip Op 06535

Decided on November 25, 2025

Court of Appeals

Cannataro, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 25, 2025

No. 94

[*1]The People & c., Respondent,
v
Locksley Williams, Appellant.

Anna Jouravleva, for appellant. 
Melissa Owen, for respondent. 

CANNATARO, J.:
In order to declare readiness for trial upon a local criminal court accusatory instrument, CPL 30.30 (5-a) requires the People to certify that all counts in the accusatory instrument meet the statutory requirements of facial sufficiency and that any noncompliant counts have been dismissed, thereby tying trial readiness to the filing of the required certification. The statute is silent, however, as to what, if any, remedy is available when the People provide the required certification but the representations made as to at least one count of the instrument are inaccurate or incorrect. We hold that under such circumstances the statute does not require invalidation of the People's statement of readiness. Instead, dismissal of the defective count is the appropriate remedy.
I.
Following an incident in which defendant struck a pedestrian with his vehicle in a Brooklyn intersection, defendant was charged by misdemeanor complaint with one count each of aggravated unlicensed operation of a motor vehicle in the second degree (Vehicle and Traffic Law § 511 [2] [a] [iv]), aggravated unlicensed operation of a motor vehicle in the third degree (id. § 511 [1] [a]), unlicensed operation of a motor vehicle (id. § 509 [1]), and failure to obey a traffic control signal (id. § 1111 [b] [1]). The misdemeanor complaint contained numerous factual allegations in support of the unlicensed operation counts, but none supporting the failure to obey a traffic control signal count.
The People later filed an information which, once again, did not include factual allegations concerning the failure to obey a traffic signal count. The People also filed a statement of readiness and certification pursuant to CPL [*2]30.30 (5-a) stating that "all counts in the accusatory instrument . . . [met] the requirements of CPL §§ 100.15 and 100.40," and that any counts not meeting those requirements had been dismissed. It is undisputed that the count for failure to obey a traffic signal was facially insufficient and therefore did not comply with the requirements of CPL 100.40.
Several months later, after the People's CPL 30.30 time had expired, defendant moved to dismiss the information for facial insufficiency and on statutory speedy trial grounds. Defendant contended that the inaccuracies in the People's CPL 30.30 (5-a) certification, specifically those concerning the count for failure to obey a traffic control signal, rendered the statement of readiness invalid. In response, the People conceded that the count charging failure to obey a traffic control signal was facially insufficient and therefore should be dismissed. Criminal Court dismissed that count but otherwise denied the motion, determining that the People met CPL 30.30 (5-a)'s requirement of filing a certification, and that inaccuracies contained within the certification, with respect to the dismissed count did not warrant dismissal of the entire instrument. The Appellate Term affirmed, holding that the statute requires only that a certification be made in order for a statement of readiness to be valid and does not provide for sanctions in the event that the certification is ultimately deemed to contain inaccuracies (83 Misc 3d 21, 23 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2024]).
A Judge of this Court granted defendant leave to appeal (42 NY3d 941 [2024]) and we now affirm.
II.
Defendant argues that CPL 30.30 (5-a) requires the People to accurately attest to the facial sufficiency of the counts contained in an accusatory instrument, but that assertion finds no support in either the plain language of the statute or its legislative history. "It is fundamental that a court, in interpreting a statute, should attempt to effectuate the intent of the legislature. As the clearest indicator of legislative intent is the statutory text, the starting point in any case of interpretation must always be the language itself, giving effect to the plain meaning thereof" (Majewski v Broadalbin-Perth Cent. School Dist., 91 NY2d 577, 583 [1998] [internal quotations and citations omitted]). CPL 30.30 (5-a) provides:
"Upon a local criminal court accusatory instrument, a statement of readiness shall not be valid unless the prosecuting attorney certifies that all counts charged in the accusatory instrument meet the requirements of sections 100.15 and 100.40 of this chapter and those counts not meeting the requirements of sections 100.15 and 100.40 of this chapter have been dismissed."
As relevant here, CPL 100.40 requires that a misdemeanor information, unlike a complaint, contain "non-hearsay allegations" establishing "every element of the offense charged and the defendant's commission thereof" (CPL 100.40 [1] [c]; see also CPL 170.65 [1] [requiring that a misdemeanor complaint be replaced by an information "(f)or purposes of prosecution"]).
On its face, the clear language of CPL 30.30 (5-a) requires that the People, in conjunction with filing their statement of readiness, certify that each count of the accusatory instrument is supported by facially sufficient, nonhearsay allegations, and that any counts that are not so supported have been dismissed. However, the statute does not provide for any readiness-related consequence for a mistaken or incorrect certification (see Russell v New York University, 42 NY3d 377, 394 [2024, Rivera, J., dissenting] ["statutory interpretation is not an invitation to rewrite the law by 'discovering' some meaning not intended by the drafters or ignoring words and their clear and obvious import"]). Such a requirement would make little sense because facial sufficiency is a legal question—sometimes a close legal question—and the People cannot reasonably be expected to attest accurately to the outcome of a defendant's challenge to the facial sufficiency of the instrument (see e.g. People v Arroyo, 78 Misc 3d 1239 [A], 2023 NY Slip [*3]Op 50482[U], *6 [Crim Ct, Kings County 2023] [in determining that one count of accusatory instrument was facially insufficient, the court "reviewed numerous, often conflicting cases . . . (and conducted) a careful analysis of the allegations"]). Defendant contends that the People's obligation to certify facial sufficiency should be treated the same as the requirement that they certify compliance with their discovery obligations under CPL article 245. A comparison of the text of the relevant provisions reveals why this interpretation is incorrect. CPL 30.30 (5), as originally enacted in 2019, specifically stated that any "statement of trial readiness must be accompanied or preceded by a certification of good faith compliance with the disclosure requirements of [CPL 245.20] and the defense shall be afforded an opportunity to be heard on the record as to whether the disclosure requirements have been met." Mirroring this provision, CPL 245.50 (3) provided that "the prosecution shall not be deemed ready for trial for purposes of [CPL 30.30] until it has filed a proper certificate" of compliance (former CPL 245.50 [3] [emphasis added]).[FN*]
Based on this language, we explained in People v Bay that "[r]ead together, CPL 245.50 and [CPL] 30.30 require that due diligence must be conducted prior to filing a" certificate of compliance (41 NY3d 200, 212, 216 [2023]). Thus, unlike the subdivision (5-a) certification requirement, the legislature specifically provided that an invalid certificate of compliance would render the People's accompanying statement of readiness illusory. The legislature could have, but did not, similarly tie the accuracy of certification pursuant to subdivision (5-a) to the People's trial readiness. It is this legislative choice that the dissent ignores when it insists without citation that "the problem that the speedy trial framework and CPL 30.30 (5-a) address is prosecutorial delay" (dissenting op at 9), conflating CPL 30.30 (5-a) with the preceding subdivision and disregarding significant differences between the two.
Although there is limited legislative history regarding the presently enacted statute, earlier in 2019, a bill was introduced in the Senate that proposed a version of CPL 30.30 (5-a) that would have imposed consequences for an inaccurate subdivision (5-a) certification similar to those imposed for discovery violations, discussed above (see 2019 NY Senate Bill S1738). Specifically, that bill proposed a subdivision (5-a) that would have provided:
"Upon a local criminal court accusatory instrument, a statement of readiness shall not be valid unless all counts charged in the accusatory instrument meet the requirements of [CPL 100.40 (1), (2), or (3)] and the prosecution moves to dismiss any counts not meeting such" (id.).

Explaining the operative intent behind the earlier version, the Sponsor's Memo stated that it would provide that a "statement of readiness shall not be valid unless the prosecuting attorney certifies that all counts are converted and facially sufficient and that those counts that are not have been dismissed" (Senate Introducer's Mem in Support of 2019 NY Senate Bill S1738 at 1 [emphasis added]). However the language employed in the earlier bill went much further in its application, essentially requiring dismissal of a statement of readiness whenever the accusatory instrument did not actually comply with CPL 100.40. The version ultimately enacted into law more closely tracks the Sponsor's stated intent; indeed, it uses the Sponsor's memo language verbatim to require only that the People "certif[y] that all counts charged in the accusatory instrument" are facially sufficient. This provides some evidence that the legislature considered, and rejected, language tying the People's readiness to the actual facial sufficiency of the accusatory instrument in favor of a requirement that they "certif[y]" its sufficiency (see Kimmel v State, 29 NY3d 386, 397 [2017] [concluding that "earlier bills (may) shed light on the critical differences" in the version that was ultimately enacted]).
Defendant further argues that if an inaccurate CPL 30.30 (5-a) certification does not lead to the invalidation of the statement of readiness and subsequent dismissal of the entire accusatory instrument, then that provision would be rendered "functionally meaningless." We disagree. As noted in the Practice Commentaries, subdivision (5-a) functions to end the historical practice by the People of removing hearsay allegations and declaring trial readiness on some counts in an accusatory instrument, but not others (see William C. Donnino, Prac Commentaries, McKinney's Cons Laws of NY, CPL 30.30) As interpreted by some courts, this practice served to unfairly limit the effect of the speedy trial statute by allowing the People to stop the clock on some counts while keeping the case firmly in a pretrial posture with respect to other counts (see e.g. People v Minor, 144 Misc 2d 846 [App Term 2d Dept, 2d & 11th Jud Dists 1989]). By tying readiness to a certification that all counts are facially sufficient and properly converted, CPL 30.30 (5-a) makes trial readiness a singular event for the entire accusatory instrument. Under this rule, the People are required to make a choice: either indicate their readiness to proceed to trial on all remaining counts, subjecting the entire accusatory instrument to the stricter facial requirements for a misdemeanor information (see CPL 100.40 [4]), or elect not to declare trial readiness on any count. This rule effectively serves to streamline pretrial motion practice, opening a window during which a defendant can move to dismiss any count which does not meet the facial sufficiency requirements for a misdemeanor information (see CPL 170.10 [1]; 170.30), and thereby ending partial conversion's piecemeal approach. In contrast, the remedy sought by defendant here, dismissal of the entire instrument, would serve no beneficial purpose.
Finally, that the legislature intended subdivision (5-a) to only require certification—not necessarily an accurate certification—is not absurd as defendant suggests. As we have explained, the CPL already imposes the consequence of dismissal for proceeding to trial with a facially insufficient count. Facial sufficiency is frequently subject to reasonable disagreement and serious legal debate (see e.g. People v Farrell, 44 NY3d 1 [2025]; People v Willis, 44 NY3d 14 [2025]; People v Hill, 38 NY3d 460 [2022]). Given that legal sufficiency is not always clear-cut, it is reasonable to conclude that the legislature did not want to require the severe sanction of dismissal of the entire accusatory instrument as a consequence of the insufficiency of a single count.
Though nothing in CPL 30.30 (5-a) mandates the invalidation of the People's readiness statement based on an inaccurate certification, we expect prosecutors will carry out this statutory command with the diligence and care attendant to their positions, and examine the underlying accusatory instrument for compliance with CPL 100.15 and 100.40 before making the required certification.
Accordingly, the order of the Appellate Term should be affirmed.

RIVERA, J. (dissenting):

The prosecution charged defendant Locksley Williams with, among other offenses, failing to obey a traffic signal. The accusatory instrument asserted no facts to support that count and thus was facially insufficient as a matter of law. However, despite this glaring error, the prosecutor filed a statement of readiness ("SOR"), certifying that all counts charged were facially sufficient. The certification was baseless and, as a consequence, the SOR was invalid under CPL 30.30 (5-a). After the time expired for the prosecution to file a valid SOR, defendant moved to dismiss the charging instrument based on the prosecutor's erroneous certification. Criminal Court should have granted the entirety of that motion. Accordingly, I would reverse and dismiss the accusatory instrument.
The majority acknowledges that CPL 30.30 (5-a) ties "trial readiness to the filing of the required certification" and that the prosecutor's certification here was inaccurate (majority op at 1-2). The majority then reaches the astonishing conclusion that the prosecutor's certification need not be accurate, despite the prosecution's obvious and unexplained error in not moving to dismiss a facially insufficient count, relegating the certification to a meaningless formality. Worse yet, by permitting erroneous certifications, the majority suggests that an SOR does not always require actual prosecutorial readiness (see majority op at 6), in direct violation of the plain language of CPL 30.30 (5-[*4]a) and 30.30 (5) (a). Thus, the majority, in effect, resuscitates an invalid SOR and allows the prosecutor to avoid the statutory consequences of their noncompliance.
I dissent.
***
A valid SOR—which, under CPL 30.30 (5-a), requires a prosecutor to certify that all counts charged in the accusatory instrument are facially sufficient—stops the speedy trial clock (see People v Labate, 42 NY3d 184, 190-191 [2024] ["Because a statement of readiness serves to toll the speedy trial clock from running either completely or for the remainder of that adjournment period . . . , a declaration of readiness must be more than merely mouthing those words"] [internal quotation marks and citations omitted]). Here, it is undisputed that the multi-count accusatory instrument insufficiently charged defendant with failing to stop at a red traffic signal, because it contained no factual allegations supporting that count, and thus the prosecution should have dismissed that count. The only question on appeal is whether the prosecution can avoid dismissal of the entire accusatory instrument for failing to timely declare readiness, where their SOR was predicated on an erroneous 30.30 (5-a) certification. In accordance with our established rules of statutory interpretation, the plain language of CPL 30.30 (5-a) answers that question.
The "clearest indicator of legislative intent is the statutory text" (People v Teri W., 31 NY3d 124, 127 [2018] [citation omitted]). The "governing rule of statutory construction is that . . . when the statutory language is clear and unambiguous, it should be construed so as to give effect to the plain meaning of the words used" (People v Williams, 19 NY3d 100, 103 [2012] [citations omitted]). When a statutory term is undefined, "dictionary definitions serve as useful guideposts in determining the word's ordinary and commonly understood meaning" (People v Holz, 35 NY3d 55, 59 [2020] [internal quotation marks and citation omitted]; see also People v Bay, 41 NY3d 200, 211-212 [2023] [considering a dictionary definition in the context of a certificate of compliance under CPL 245.50]). Further, "all parts of a statute are intended to be given effect and a statutory construction which renders one part meaningless should be avoided" (Anonymous v Molik, 32 NY3d 30, 37 [2018] [internal quotation marks and citation omitted]).
CPL 30.30 (5-a) states:
"Upon a local criminal court accusatory instrument, a statement of readiness shall not be valid unless the prosecuting attorney certifies that all counts charged in the accusatory instrument meet the requirements of sections 100.15 and 100.40 of this chapter and those counts not meeting the requirements of sections 100.15 and 100.40 of this chapter have been dismissed" (emphasis added).
In turn, under CPL 100.40, informations—the type of accusatory instrument at issue here—must be facially sufficient, such that the factual allegations asserted therein "provide reasonable cause to believe that the defendant committed the offense charged in the accusatory part" of the instrument (CPL 100.40 [1] [b]; [4] [b]). Thus, under CPL 30.30 (5-a), a prosecutor must certify to the court that the accusatory instrument contains only facially sufficient counts, and that any noncompliant counts have been dismissed. CPL 30.30 (5-a) also unambiguously makes this certification a prerequisite to a valid SOR.
CPL 30.30 (5-a) does not define "certifies," but the meaning of this term is well established and understood to mean attesting to the accuracy or truth of a statement or document. For example, the plain meaning of "certify" is to "confirm or attest often by a document under hand or seal as being true, meeting a standard, or being as represented" (Merriam-Webster's Unabridged Dictionary [Merriam-Webster], certify [https://unabridged.merriam-webster.com/unabridged/certify]. Similarly, Black's Law Dictionary defines "certify" as "[t]o authenticate or verify in writing" and "[t]o attest as being true or as meeting certain criteria" (Black's Law Dictionary 284 [11th ed. 2019]). Likewise, Black's Law Dictionary defines "certification" as "[t]he act of attesting; esp., the process of giving someone or something an official document stating that a specified standard has been satisfied" (Black's Law Dictionary 284 [11th ed. 2019]). The prosecutor's argument, adopted by the majority, that their CPL 30.30 (5-a) certification was nothing more than a bald assertion and should not be understood by the court as an assurance of its accuracy, is contrary to this understanding. Their argument is also illogical on its own terms. What would be the point of requiring certification if that certification can be inaccurate, with no consequences? If the prosecution and the majority were correct, the legislature would have no need to require certification as a prerequisite to a valid SOR. Instead, submission of the SOR alone would stop the speedy trial clock, because the certification would offer no additional assurance to defendants or courts that the prosecution had satisfied its statutory requirements. But the legislature does require certification, and we may not undermine that choice by stripping the requirement of all [*5]meaning (see Molik, 32 NY3d at 37 [stating that "a statutory construction which renders one part meaningless should be avoided"] [internal quotation marks and citation omitted]).
Furthermore, the prosecution's reading of the term "certifies" as used in CPL 30.30 (5-a) would undermine the speedy trial framework and decouple an SOR from actual prosecutorial readiness. The majority seeks to deflect from its misapplication of our rules of statutory interpretation by referencing a 2019 bill that did not pass, and a statutory purpose that is not documented in the enacted bill's legislative history (majority op at 6-7). As to the dead bill, we have repeatedly warned against reading too much into unenacted legislation (see e.g. Clark v Cuomo, 66 NY2d 185, 190-91 [1985] [stating, in the context of a proposed bill that did not pass, that "(l)egislative inaction, because of its inherent ambiguity, affords the most dubious foundation for drawing positive inferences"] [internal quotation marks and citation omitted]; Matter of NYC C.L.A.S.H., Inc. v New York State Off. of Parks, Recreation and Historic Preserv., 27 NY3d 174, 184 [2016] [same]; cf. United States v Price, 361 US 304, 313 [1960] [warning that "(i)nferences from legislative history cannot rest on so slender a reed"]). That is especially true here, where the language actually adopted by the legislature automatically invalidates an SOR based on a prosecutor's erroneous certification. In other words, the plain meaning of 30.30 (5-a)'s text is consistent with the text of the unenacted 2019 bill and does not compel a different reading.[FN*]
As to the purported legislative purpose, the majority asserts, citing a practice commentary, that CPL 30.30 (5-a) ends "the historical practice by the People of removing hearsay allegations and declaring trial readiness on some counts in an accusatory instrument, but not others" (majority op at 7, citing William C. Donnino, Prac Commentaries, McKinney's Cons Laws of NY, CPL 30.30). I do not doubt that this is another salutary effect of CPL 30.30 (5-a), but that cannot mean, as the majority claims, that "[b]y tying readiness to a certification that all counts are facially sufficient and properly converted, CPL 30.30 (5-a) makes trial readiness a singular event for the entire accusatory instrument" (majority op at 7-8). If a CPL 30.30 (5-a) certification need not be accurate, as the majority holds, then a prosecutor's "singular" statement of readiness may be illusory, as in the present appeal. Here, the prosecutor certified that all counts in an accusatory instrument met the pre-trial statutory requirements even where they obviously did not. By rendering CPL 30.30 (5-a) practically ineffectual, the majority itself frustrates what it identifies as the statutory purpose of abolishing partial readiness. In contrast, CPL 30.30 (5-a), as properly interpreted, means that the prosecution can only be in a state of complete readiness or unreadiness. Here, by its plain language, CPL 30.30 (5-a) invalidates the SOR at issue entirely, thus placing the prosecution in a state of unreadiness.
The majority further divines a legislative purpose found nowhere in the statutory text or legislative history. According to the majority, CPL 30.30 (5-a) "open[s] a window during which a defendant can move to dismiss any count which does not meet the facial sufficiency requirements for a misdemeanor information" (majority op at 8). This misrepresents basic criminal law practice. CPL 30.30 (5-a) does not change the fact that a defendant can move at any time to dismiss a count that is facially insufficient, regardless of whether the prosecutor has declared readiness (see CPL 255.10 [1] [b]; CPL 170.35 [1] [a], [b]).
Lastly, under the majority's interpretation, CPL 30.30 (5-a) cannot function as the legislature intended. The provision reinforces the overall structure of the speedy trial law by obligating the prosecution to review an accusatory instrument to ensure it is facially sufficient and has been purged of any counts that lack adequate factual support. When the prosecution certifies an instrument with an obviously defective count, as in this case, CPL 30.30 (5-a) automatically invalidates the SOR filed with the certification. A related provision of the speedy trial statute further supports the SOR's invalidation in this context. When a prosecutor declares ready, CPL 30.30 (5) (a) requires a court to inquire into the prosecution's "actual readiness" and renders an SOR invalid if the court determines that the prosecution is not ready to proceed to trial.
An invalid SOR cannot stop the speedy trial clock and if the prosecution fails subsequently to submit a valid SOR before the statutory time to declare readiness expires, then a defendant's CPL 30.30 motion to dismiss must be granted (CPL 30.30 [1]; 170.30 [1] [e]; 210.20 [1] [g]). The majority's assertion that a count's facial sufficiency is a legal question that may not have a clear answer diverts from the issue before us, because here, the prosecution conceded that the count was not facially sufficient (majority op at 4-5). The majority claims that "it is reasonable to conclude that the legislature did not want to require the severe sanction of dismissal of the entire accusatory instrument as a consequence of the insufficiency of a single count" (majority op at 8). But that is exactly what CPL 30.30 (5-a) mandates with its automatic invalidation of the SOR when a prosecutor erroneously certifies that all counts are CPL compliant. We are not at liberty to ignore that language.
Prosecutors who have stated ready based on an erroneous certification can avoid a CPL 30.30 (5-a) SOR invalidation by reviewing their accusatory instruments for any mistakes prior to the CPL 30.30 deadline. As the prosecution conceded at oral argument, if the prosecuting attorney in this case had reviewed the accusatory instrument at any point prior to the speedy trial deadline, she could have filed a new accusatory instrument that corrected the defect (tr at 27:17; see CPL 100.50 [1] [permitting a prosecutor to file a superseding accusatory instrument prior to a guilty plea or commencement of trial]). The result would effectively be the same as that ordered by the majority today, except a defendant's statutory speedy trial rights would remain unimpaired.
We have repeatedly recognized—and the majority fails to accept—that the problem the speedy trial framework addresses is prosecutorial delay (see People v Price, 14 NY3d 61, 64 [2010] [stating that the "dominant legislative intent informing CPL 30.30 . . . (is) to discourage prosecutorial inaction"]). The legislature determined that SOR invalidation was a necessary consequence to incentivize prosecutors to expeditiously confirm the accuracy of their accusatory instruments, and to do so before their time to declare readiness expires, and thus enacted CPL 30.30 (5-a) (see People v Ward, 79 Misc 3d 129[A], 2023 NY Slip Op 50688[U], 2023 WL 4414616 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2023], appeal withdrawn, 40 NY3d 952 [2023] [examining the legislative purpose of CPL 30.30 (5-a) by relying on the legislative memorandum for the similar Senate Bill 1738, whose purpose was to "amend( ) section 30.30 of the Criminal Penal Law to ensure cases go to trial in a reasonable timeframe"]). Dismissal of the accusatory instrument, based on the prosecution's failure to timely file a valid SOR, furthers the important legislative policy reflected in the speedy trial law. That policy serves all parties and the public interest, because it ensures that criminal prosecutions are appropriately prompt, reduces the stress on defendants caused by unnecessary delay, and promotes confidence in our judicial system by guarding against the deterioration of evidence over extended periods. The majority's holding serves only to increase delay and excuse prosecutorial noncompliance. That is not what the legislature intended.
Order affirmed. Opinion by Judge Cannataro. Judges Garcia, Singas, Troutman and Halligan concur. Judge Rivera dissents in an opinion, in which Chief Judge Wilson concurs.
Decided November 25, 2025

Footnotes

Footnote *:The legislature subsequently changed the word "proper" to "valid" (L 2025, ch 56, § 1, part LL, § 6).
Footnote *: Notably, in its discussion of the legislation, the Sponsor's Memorandum explained that the unenacted 2019 bill would provide that a "statement of readiness shall not be valid unless the prosecuting attorney certifies that all counts are converted and facially sufficient . . . ." (majority op at 6, citing Senate Introducer's Mem in Support of 2019 NY Senate Bill S1738 at 1 [emphasis added]). By collapsing the distinction between a prosecutor's certification that the counts meet the statutory requirements and actually meeting the statutory requirements, the Sponsor's Memorandum suggests that there is no functional difference between the unenacted 2019 bill and CPL 30.30 (5-a) as enacted.