People v Medina (2025 NY Slip Op 52100(U))

[*1]

People v Medina

2025 NY Slip Op 52100(U)

Decided on December 19, 2025

Criminal Court Of The City Of New York, Bronx County

Lewis, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on December 19, 2025
Criminal Court of the City of New York, Bronx County

The People of the State of New York,

againstAngel Medina, Defendant.

Docket No. CR-006954-25BX

Defendant: John Jody, Esq. of The Legal Aid SocietyPeople: Bronx County District Attorney's Office by ADA Chandler Eller

Daniel M. Lewis, J.

Defendant is charged by information with VTL §§ 1192 (2) and 1192 (3), unclassified misdemeanors punishable by up to 364 days in jail, and VTL § 1192 (1), an infraction punishable by up to 15 days in jail, alleging that on March 12, 2025, at approximately 3:58AM at Balcom Avenue and Bruckner Boulevard in the Bronx, Defendant operated a motor vehicle while in an intoxicated condition, as evidenced by a breathalyzer test showing above .08% blood alcohol content, and while her ability was impaired by the consumption of alcohol.
On November 28, 2025, Defendant moved to dismiss the case pursuant to CPL §§ 170.30 (1) (e) and 30.30, arguing that the People's statement of readiness (SOR) was invalid and therefore, the People have exceeded the statutorily prescribed speedy trial time of 90 days.
For the reasons granted below, Defendant's motion to find the People's SOR invalid is GRANTED. Accordingly, Defendant's motion to dismiss the accusatory instrument pursuant to CPL §§ 170.30 (1) (e) and 30.30 is also GRANTED.
 PROCEDURAL HISTORYOn March 12, 2025, the criminal complaint was filed and deemed an information, and Defendant was arraigned on the information. On May 30, 2025, the People filed a COC and SOR. On July 11, 2025, an omnibus motion schedule was set. On September 12, 2025, a decision on the omnibus motion was rendered and the matter was adjourned for hearing and trial. [*2]On October 12, 2025, Defendant was not ready for hearings and trial, and the matter was adjourned again for that purpose. On December 1, 2025, Defendant submitted the instant motion and the matter was adjourned to December 19, 2025, for decision.

DISCUSSION
I. Motion to Invalidate the Statement of Readiness
Pursuant to CPL § 30.30 (5-a), "a statement of readiness shall not be valid unless the prosecuting attorney certifies that all counts charged in the accusatory instrument meet the requirements of sections 100.15 and 100.40 of this chapter and those counts not meeting the requirements [of the aforenamed sections] have been dismissed." At issue is the SOR filed on May 30, 2025, which reads, "PLEASE TAKE NOTICE that the People of the State of New York are ready for trial in [the instant matter]." If valid, the filing of the SOR would result in 77 days chargeable to the People. If invalid, however, the SOR would be ineffective to stop the "speedy trial" clock (CPL § 30.30 [5]), resulting in over 90 days chargeable to the People.
Defendant contends that the SOR was invalid because it did not contain a CPL § 30.30 (5-a) statement certifying that all the counts of the accusatory instrument are supported by facially sufficient, nonhearsay allegations, and that any counts that do not comply with these requirements have been dismissed. As such, Defendant states that least 136 days are chargeable to the People. The People argue that the SOR was valid and only 77 days have elapsed.
The Court of Appeals recently addressed the issue of inaccurate CPL § 30.30 (5-a) certifications, finding that "the statute does not provide for any readiness-related consequence for a mistaken or incorrect certification" when at least one of the counts on the accusatory instrument was facially insufficient (People v Williams, 2025 NY Slip Op 06535 at *2 [2025], emphasis added). Although this issue is easily distinguishable from the one presented here, the Court of Appeals did state in dicta that "[o]n its face, the clear language of CPL 30.30 (5-a) requires that the People, in conjunction with filing their [SOR], certify that each count of the accusatory instrument is supported by facially sufficient, nonhearsay allegations, and that any counts that are not so supported have been dismissed" (id., emphasis added). At a minimum, the Court of Appeals ruling reinforces a plain language reading of CPL § 30.30 (5-a) and does nothing to diminish its requirements.
This Court found no controlling First Department authority on point, but there is persuasive precedent from the Second Department ruling that the People must file CPL § 30.30 (5-a) certification before their 90-day statutory time period expires (see People v Tevelev, 85 Misc 3d 135 [A] [App Div 2d Dept 2025] at *3; People v Jacob, 83 Misc 3d 134 [A] at *3 [App Div 2d Dept 2024]; People v Mendoza, 81 Misc 3d 126 [A] at *1 [App Div 2d Dept 2023]; People v Ramrattan, 81 Misc 3d 127 [A] at *2 [App Div 2d Dept 2023]). Additionally, filing a CPL § 30.30(5-a) certification after filing an SOR does not retroactively stop the "speedy trial" clock to the SOR date; instead the speedy trial clock only stops when the certification has been filed (see People v Ward, 79 Misc 3d 129 [A] at *3 [App Div 2d Dept 2023]; People v Hernandez, 84 Misc 3d 10, 12 [App Div 2d Dept 2024]).
For the above reasons, the Court finds the People's SOR invalid and insufficient to stop the "speedy trial" clock. The required CPL § 30.30 (5-a) certification was neither contained in the filed SOR, nor was a CPL § 30.30 (5-a) certification filed prior to the expiration of the 90-day period set forth in CPL § 30.30 (1) (b).
II. "Speedy Trial" Time CalculationA motion to dismiss must be granted where the People are not ready for trial within "ninety days of the commencement of a criminal action wherein a defendant is accused of one or more offenses, at least one of which is a misdemeanor punishable by a sentence of imprisonment of more than three months, and none of which is a felony" (CPL §§ 30.30 [1] [b], 170.30 [e]).
This case commenced on March 12, 2025, with the filing of a misdemeanor complaint in which the highest charged offense was an A misdemeanor, punishable by up to 364 days in jail (PL § 70.15 [1]). The People had 90 chargeable days from March 12, 2025, to be ready for trial.
As discussed above, the People's SOR was invalid and insufficient to stop the "speedy trial" clock (CPL §§ 30.30 [5], [5-a]). Thus, the Court charges the following time to the People:
• March 12, 2025, to May 30, 2025, from the filing of the accusatory instrument to the filing date of the People's SOR, which equals 79 days.• September 12, 2025, to October 22, 2025, from the date the omnibus decision was rendered to the first hearing and trial date, which equals 39 days. 

 Because these adjournments total 118 days chargeable to the People, the Court need not consider the other adjournments.

 
 CONCLUSION

For the reasons above, the People's SOR filed on May 30, 2025, was invalid and insufficient to stop the "speedy trial" clock. The total chargeable time exceeds 90 days, the time permitted by statute. As such, Defendant's motions to dismiss the accusatory instrument pursuant to CPL §§ 30.30 and 173.30 (1) (e) is GRANTED.
The foregoing constitutes the decision and order of the Court.
Dated: 19 December 2025Bronx, New YorkDANIEL M. LEWIS, J.C.C.