People v Rosario (2026 NY Slip Op 50204(U))

[*1]

People v Rosario (Benjamin)

2026 NY Slip Op 50204(U)

Decided on January 30, 2026

Appellate Term, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on January 30, 2026
SUPREME COURT, APPELLATE TERM, SECOND DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : MARINA CORA MUNDY, J.P., CHEREÉ A. BUGGS, JOANNE D. QUIÑONES, JJ

2022-738 Q CR

The People of the State of New York, Respondent,
againstBenjamin Rosario, Appellant. 

Appellate Advocates (Anna Jouravleva of counsel), for appellant.
Queens County District Attorney (Johnnette Traill, Danielle S. Fenn, Jackson Deterding of counsel and Damian A. Jhagroo, law graduate, under the supervision of Jonathan E. Maseng of counsel), for respondent.

Appeal from a judgment of the Criminal Court of the City of New York, Queens County (Danielle Hartman, J.), rendered March 22, 2022. The judgment convicted defendant, upon a plea of guilty, of disorderly conduct, and imposed sentence. The appeal brings up for review an order of the same court dated February 15, 2022 denying defendant's motion to dismiss the accusatory instrument on statutory speedy trial grounds.

ORDERED that the judgment of conviction is reversed, on the law, the February 15, 2022 order denying defendant's motion to dismiss the accusatory instrument on statutory speedy trial grounds is vacated, defendant's motion is granted, and the accusatory instrument is dismissed.
On April 29, 2021, defendant was arraigned on an accusatory instrument charging him with assault in the third degree (Penal Law § 120.00 [1]), criminal mischief in the fourth degree (Penal Law § 145.00 [1]), endangering the welfare of a child (Penal Law § 260.10 [1]), and harassment in the second degree (Penal Law § 240.26 [1]). On July 22, 2021, the People filed a statement of readiness (SOR), which included a certification of the facial sufficiency of the accusatory instrument pursuant to CPL 30.30 (5-a), and a certificate of compliance (COC). The COC indicated that the People had disclosed, among other items, a Law Enforcement Officer Witness (LEOW) letter summarizing misconduct allegations against a detective expected to testify at trial. In December 2021, defendant moved to dismiss the accusatory instrument on statutory speedy trial grounds, arguing that (1) the assault in the third degree count was facially insufficient, rendering the People's July 22, 2021 SOR illusory; and (2) the People's COC was [*2]improper pursuant to former CPL article 245 [FN1]
because, among other things, the People had failed to timely turn over the records underlying the detective's LEOW letter.[FN2]
The People opposed. By order dated February 15, 2022, the Criminal Court (Danielle Hartman, J.) denied defendant's motion. Defendant subsequently waived prosecution by information, pleaded guilty to disorderly conduct (Penal Law § 240.20) in satisfaction of the accusatory instrument, and was sentenced as promised. On appeal, defendant argues that his statutory speedy trial motion should have been granted, the denial of which is reviewable despite his guilty plea (see CPL 30.30 [6]; People v Gore, 224 AD3d 848, 848 [2d Dept 2024]).

Initially, though we agree that the assault in the third degree count is facially insufficient under the standards that govern a misdemeanor complaint (see CPL 100.15 [3], 100.40 [4] [b]; People v Dumas, 68 NY2d 729, 731 [1986]; People v Anderson, 66 Misc 3d 138[A], 2020 NY Slip Op 50091[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2020]), the Criminal Procedure Law "does not provide for any readiness-related consequence for a mistaken or incorrect certification" (People v Williams, 2025 NY Slip Op 06535, *2 [2025]. Rather, if the People "filed the required certification, they satisfied the legislature's requirement as set forth in CPL 30.30 (5-a) and, thus, their SOR was 'valid' " (id.). Therefore, our finding that the assault in the third degree count was facially insufficient does not result in the invalidation of the July 22, 2021 SOR and the consequent dismissal of the accusatory instrument on statutory speedy trial grounds (see People v Robinson, 83 Misc 3d 129[A], 2024 NY Slip Op 50798[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2024]; People v Williams, 2025 NY Slip Op 06535).

Turning to defendant's argument that the People's COC was improper, absent an individualized finding of special circumstances, the filing of a valid COC is a prerequisite to the People being ready for trial under CPL 30.30 (see CPL 245.20, 245.50 [3]). Under former CPL article 245, the People were required to provide defendant with "all items and information that relate[d] to the subject matter of the case and [were] in the possession, custody or control of the prosecution" (former CPL 245.20 [1]), including "[a]ll evidence and information, . . . that tend[ed] to . . . impeach the credibility of a testifying prosecution witness" (former CPL 245.20 [1] [k] [iv]; see People v Coley, 240 AD3d 122 [2d Dept 2025]; but see People v McCarty, 221 AD3d 1360 [3d Dept 2023]; People v Johnson, 218 AD3d 1347 [4th Dept 2023]).

Analyzing former CPL article 245, the Court of Appeals held that "the key question in determining if a proper COC ha[d] been filed [was] whether the prosecution ha[d] 'exercis[ed] due diligence and ma[de] reasonable inquiries to ascertain the existence of material and information subject to discovery' " (People v Bay, 41 NY3d 200, 211 [2023], quoting former CPL 245.50 [1]). If a defendant brought a CPL 30.30 motion claiming that "the People failed to exercise due diligence and therefore improperly filed a COC [under former CPL article 245], the People [bore] the burden of establishing that they [had], in fact, exercise[d] due diligence and made reasonable inquiries prior to filing the initial COC despite a belated or missing disclosure," [*3]and "[i]f the prosecution fail[ed] to make such a showing, the COC should be deemed improper, the readiness statement stricken as illusory, and—so long as the time chargeable to the People exceeds the applicable CPL 30.30 period—the case dismissed" (People v Bay, 41 NY3d at 213). Moreover, under former CPL article 245, "a defendant need not demonstrate prejudice to obtain speedy trial dismissal based on a failure to timely comply with discovery obligations" (id.).

Here, the People conceded in their opposition to defendant's motion that the records underlying the detective's LEOW letter were discoverable, but did not attempt to show that they had exercised due diligence and made reasonable inquiries to obtain the records before filing the COC. The Criminal Court agreed that the records were discoverable,[FN3]
but found that the COC was nonetheless valid because "the People acted in good faith and consistent with their interpretation of the law when they filed the [COC]." However, "the plain terms of [former CPL article 245] make clear that while good faith is required, it is not sufficient standing alone and cannot cure a lack of diligence" (People v Bay, 41 NY3d at 212; see former CPL 245.20 [2]; 245.50 [1], [3]; People v Anderson, 66 NY2d 529, 536 [1985]). "Because the People did not establish that they exercised due diligence prior to filing the initial COC, the trial court should have determined that the COC was improper and accordingly stricken the statement of readiness as illusory" (People v Bay, 41 NY3d at 216; see People v Serrano, 234 AD3d 879, 883 [2d Dept 2025]; People v Baker, 229 AD3d 1324, 1328 [4th Dept 2024]).

In view of the foregoing, defendant's statutory speedy trial motion should have been granted, as more than 90 days of delay were chargeable to the People (see CPL 30.30 [1] [b]; People v Lomax, 50 NY2d 351, 356 [1980]).

Accordingly, the judgment of conviction is reversed, the February 15, 2022 order denying defendant's motion to dismiss the accusatory instrument on statutory speedy trial grounds is vacated, defendant's motion is granted, and the accusatory instrument is dismissed.

MUNDY, J.P., BUGGS and QUIÑONES, JJ., concur.

ENTER:

Jennifer Chan

Chief Clerk

Decision Date: January 30, 2026

Footnotes

Footnote 1: The New York State Legislature subsequently amended CPL article 245, effective August 7, 2025 (see L 2025, ch 56, part LL).

Footnote 2: We note that CPL 245.50 (4) only became effective after this motion was decided.

Footnote 3: Though the People argue in their respondent's brief that the records are not discoverable, "[s]ince the [Criminal] Court decided the issue . . . in the defendant's favor, this Court is precluded from reviewing it on the defendant's appeal" (People v Chazbani, 153 AD3d 930, 932 [2d Dept 2017]; see CPL 470.15 [1]; People v Ingram, 18 NY3d 948, 949 [2012]; People v Concepcion, 17 NY3d 192, 195 [2011]; People v LaFontaine, 92 NY2d 470, 473-474 [1998]; People v Goodfriend, 64 NY2d 695, 698 [1984]).