People v I.S. (2026 NY Slip Op 50163(U))

[*1]

People v I.S.

2026 NY Slip Op 50163(U)

Decided on February 13, 2026

Criminal Court Of The City Of New York, Bronx County

Goodwin, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on February 13, 2026
Criminal Court of the City of New York, Bronx County

The People of the State of New York,

againstI.S., Defendant.

Docket No. CR-027008-25BX

For the Defendant: 
Alexandra LesnikThe Legal Aid SocietyFor the People: 
Bronx ADA Christopher Simone

David L. Goodwin, J.

Although the People declared ready for trial in this case before the 90-day speedy trial deadline expired, they did not provide the certification required by C.P.L. § 30.30(5-a) (the "5-a certification"), without which "a statement of readiness shall not be valid," until after their speedy trial time had run out. The only issue is whether this omission prevented the People from declaring ready for trial until it was too late for them to do so.
As explained below, it did. The plain language of the statute conditions the validity of a statement of readiness on a 5-a certification. And while the People maintain that late 5-a certifications can relate back to an initial statement of readiness, that position has (as of the time of writing) been rejected by the two appellate courts that have considered it, as the People would otherwise be able to defer their certification until well after the expiration of the speedy trial deadline. Nothing in either the recent amendments to § 30.30 or the Court of Appeals's decision in People v. Williams, — NY3d —, 2025 NY Slip Op. 06535 (Nov. 25, 2025), requires a different outcome. Accordingly, the defense's motion to dismiss is GRANTED and the accusatory instrument is DISMISSED AND SEALED.I. Legal FrameworkWhen the top count charged is a class A misdemeanor, New York's statutory speedy trial [*2]rule, C.P.L. § 30.30, requires the People to be ready for trial within 90 days of the case's commencement. C.P.L. § 30.30(1)(b); People v. Labate, 42 NY3d 184, 190 (2024). If the People are not ready within that window, and absent significant exceptions not implicated here, the accusatory instrument must be dismissed if the defense moves to do so. C.P.L. §§ 30.30(1)(b), 170.30(e); Labate, 42 NY3d at 190.
Readiness for trial requires (1) a proper statement of readiness made (2) when the People are actually ready. People v. Brown, 28 NY3d 392, 403—04 (2016). A statement of readiness can be made "in open court, transcribed by a stenographer," or may take the form of "a written notice of readiness sent by the prosecutor to both defense counsel and the appropriate court clerk." Id. at 403 (internal quotation marks and citation omitted).
Subsection 5-a, which was added to § 30.30 as part of the 2019/2020 overhaul of New York's discovery laws,[FN1]
added an additional formal prerequisite for readiness. Under subsection 5-a, a statement of readiness is not valid unless the People have certified that each count of the triable accusatory instrument is facially sufficient:
Upon a local criminal court accusatory instrument, a statement of readiness shall not be valid unless the prosecuting attorney certifies that all counts charged in the accusatory instrument meet the requirements of sections 100.15 and 100.40 of this chapter and those counts not meeting the requirements of sections 100.15 and 100.40 of this chapter have been dismissed[.]

 C.P.L. § 30.30(5-a) (emphasis added). As the Court of Appeals recently clarified, an inaccurate 5-a certification does not prevent the People from validly declaring ready. Williams, 2025 NY Slip Op. 06535, at *1.

 II. Timeline of Commencement and Statements of Readiness
This case commenced for § 30.30 purposes, at the latest, on October 1, 2025. See Defense's Aff. ¶ 2. The People's initial off-calendar statement of readiness was filed 84 days later, on December 24. It was not accompanied by a 5-a certification. See Defense's Mot., Ex. 1.
The People's subsequent January 12 off-calendar statement of readiness, by contrast, was accompanied by a required 5-a certification. See Defense's Mot., Ex. 2. However, January 12 is 103 days after October 1, significantly beyond the statutory speedy trial period.

 III. The Parties' Arguments
Relying on the text of the statute, the defense argues that the failure to timely certify compliance under subsection 5-a rendered the People unready for trial until after the statutory speedy trial time had elapsed. Dismissal of the accusatory instrument is therefore required. See Defense's Aff. ¶¶ 9—17; Defense's Reply at 2 (pdf pag.).
The People respond that dismissal for failing to file a "boilerplate" 5-a certification would be an absurd result not intended by the Legislature, especially if, as here, the People were actually ready for trial. Dismissal would also be at odds with C.P.L. § 170.35(1)(a), which permits the People to fix facial sufficiency defects that are curable by amendment. People's [*3]Resp. at 3—5 (pdf pag.).
Alternatively, the People contend that, at the very least, a late 5-a certification should "relate back" to the original declaration of readiness, as is permitted elsewhere in criminal practice. See id. at 3 (pdf pag.). In support of this argument, the People rely on, among others, People v. Reyes, 70 Misc 3d 133(A), 2020 NY Slip Op. 51569(U) (App. Term, 2d, 11th, & 13th Jud. Dists. 2020).

IV. Discussion
The defense has the better argument on the need for a timely 5-a certification. Subsection 5-a plainly says that a statement of readiness is not valid until the People have made the required certification, which they did not do here until the § 30.30 window had closed. The relevant appellate authority appears to unanimously reject the People's position on "relation back," holding instead that a 5-a certification is effective going forward only, not retroactively; otherwise, the People could defer certification until after the speedy trial deadline expires, which the statutory language does not allow. Accordingly, dismissal is warranted.
The "starting point in any case of [statutory] interpretation must be the language [of the statute] itself," People v. Hernandez, — NY3d —, 2025 NY Slip Op 05874, at *2 (Oct. 23, 2025) (internal quotation marks and citation omitted), and the language of subsection 5-a ties the validity of the People's statement of readiness to their timely certification under that subsection. A statement of readiness, no matter its form or venue, "shall not be valid" unless the People have certified that all counts of the triable accusatory instrument are facially sufficient, with any defective counts having been dismissed. C.P.L. § 30.30(5-a). In context with the broader § 30.30 statute in which it is placed, subsection 5-a has no unique exclusions, carve-outs, or exceptions. See People v. Wright, — NY3d —, 2025 NY Slip Op 05869, at *4 (Oct. 23, 2025) (observing that statutes must be read as a whole). But see People v. Brenda WW., — NY3d —, 2025 NY Slip Op 03643, at *4 n.8 (June 17, 2025) ("Because the statutory text is unambiguous, our analysis need not go beyond it[.]").
In this case, it is undisputed that the People did not certify as required by subsection 5-a when they filed their initial off-calendar statement of readiness, and did not otherwise do so before the 90-day § 30.30 deadline expired. Under the plain language of the statute, then, the initial statement of readiness was not valid. And while even mandatory statutory requirements can be waived, forfeited, or relaxed in certain circumstances—see, e.g., United States v. Wong, 575 U.S. 402, 405, 411, 420 (2015) (concluding that statutory language "shall be forever barred" was subject to equitable tolling rules)—there was no forfeiture or waiver here.
The People respond that dismissal would be a disproportionate remedy for the simple failure to certify under subsection 5-a. In their view, the statutory language permits exceptions that can save a statement of readiness unaccompanied by a 5-a certification—especially when, as here, the People are actually ready for trial at the time they certify.[FN2]
The People point to the amendment rule of C.P.L. § 170.35(1)(a) and the relation-back doctrine as two such exceptions.
As an initial matter, these arguments have been rejected, either explicitly or implicitly, by both branches of the Appellate Term, Second Department. Those courts have instead held that the statute means what it says: (1) a statement of readiness is not valid until and unless the People provide the 5-a certification, and (2) a belated 5-a certification is effective going-forward [*4]only. See People v. Hernandez, 84 Misc 3d 10, 12 (App. Term, 9th & 10th Jud. Dists. 2024) ("Although the People are permitted to file a . . . certification after they have filed a[ statement of readiness] . . . such a certification does not retroactively validate a previously filed [statement of readiness.]"); People v. Ward, 79 Misc 3d 129(A), 2023 NY Slip Op. 50688(U), at *2—3 (App. Term, 2d, 11th, & 13th Jud. Dists.) ("[T]he subsequent filing of a 5-a certification cures a defective SoR as of the date of the 5-a filing, and the People are deemed to have stated ready for trial on that date[.]"), appeal withdrawn, 40 NY3d 952 (2023).[FN3]
These decisions may not be binding upon this division of the New York City Criminal Court,[FN4]
but they are certainly persuasive, especially given an apparent absence of appellate authority to the contrary, binding or otherwise. See also People v. Medina, 87 Misc 3d 1261(A), 2025 NY Slip Op. 52100(U), at *2 (N.Y.C. Crim. Ct., Bronx Co. 2025) (Lewis, J.) (relying on this line of doctrine).
For instance, Ward squarely rejected the argument that a 5-a certification should or could relate back to the original statement of readiness, characterizing the argument as contrary to both the plain language of the statute and the spirit of § 30.30 more broadly, as it would permit the People to "declare retroactive-readiness at any time up until the commencement of trial." Ward, 2023 NY Slip Op. 50688(U), at *2. Ward also characterized arguments against the dismissal penalty of a failure to timely make the required certification as "arguments against the wisdom of subsection 5-a, which this court is not authorized to consider." Id.
Ward's conclusions and reasoning are persuasive. Subsection 5-a says that a statement of readiness is not valid without the corresponding certification, and there is nothing inherently [*5]suspect about a small-but-essential requirement that leads to a large penalty if overlooked.[FN5]
A statement of readiness is itself a ministerial requirement, in that the People can be substantively ready for trial, having done all that is required of them to bring the case to a point where it may be tried, even if they have not yet stated ready. See Brown, 28 NY3d at 403—04. Yet there is absolutely no doubt that the People's failure to "declare readiness within the statutory time limit will result in dismissal of the prosecution," no matter how substantively ready the People might be. Id. at 403 (emphasis added). Permitting relation back of 5-a certifications would indeed allow the People to defer certification, and take advantage of "retroactive" readiness, despite nothing in the text of the statute suggesting that this is an option.
The People do not otherwise point to any other context in which filings relevant to § 30.30 obligations have "related back" in the way they propose. Their reliance on § 170.35(1)(a) and Reyes to the contrary is unpersuasive.
Beginning with § 170.35(1)(a): that statute permits the People to fix certain facial insufficiency defects in an accusatory instrument in lieu of dismissal. But a failure to timely declare ready in compliance with § 30.30 has nothing to do with the facial sufficiency of an accusatory instrument, even if a 5-a certification itself relates to the facial sufficiency of an accusatory instrument. An invalid declaration of readiness dooms both defective and proper accusatory instruments alike. Besides, § 170.35(1)(a) is limited to defects that are "of a kind that may be cured by amendment"; for other defects that cannot be corrected, dismissal is still the appropriate remedy. The People presuppose that this defect can be cured, and retroactively so, but the weight of statutory evidence is against them.
Reyes, meanwhile, is no longer good law on the point for which the People cite it. Reyes applied a rule permitting the prosecution a reasonable time to cure post-readiness, late-arising "latent" hearsay defects in misdemeanor informations that would otherwise revert those informations back into misdemeanor complaints and render the People functionally unready for trial. Reyes, 2020 NY Slip Op. 51569(U), at *1—2. The specific late-arising defect in Reyes was "unchallenged indicia of a complainant's lack of understanding and ability to speak or read English," which required a certificate of translation "to convert the misdemeanor complaint into an information." Id. at *2.
But both the general rule applied in Reyes—that the People could be given time to correct latent defects that would otherwise "unconvert" a misdemeanor information—and the specific hearsay status of translation were rejected by the Court of Appeals in People v. Slade, 37 NY3d 127 (2021). Slade held, among other things, that (1) latent hearsay and sufficiency issues do not [*6]prevent conversion or otherwise invalidate an accusatory instrument, id. at 137—39; and (2) the use of an interpreter does not inherently create hearsay, id. at 140—41. Accordingly, Reyes has been abrogated in large part by Slade, and is not a good source of authority for the idea that a later-filed document can retroactively fix an issue with readiness.[FN6]

Even if Reyes were still good law, though, it would not support the People's position regarding relation-back. The problem in Reyes was a late-arising defect. Here, by contrast, the defect in the People's statement of readiness was apparent at the time the statement was filed. The People could have, and should have, known about the defect as of the precise moment they declared ready.
Finally, and while not addressed by the parties, neither the August 2025 revisions to Articles 30 and 245 nor the recent Court of Appeals decision in People v. Williams requires a different outcome, or undermines the Appellate Terms' conclusions in Ward or Hernandez. Subsection 5-a was not amended by those August 2025 statutory revisions. Compare C.P.L. § 30.30(5-a) (2026), with § 30.30(5-a) (2024). Williams, meanwhile, addressed only a situation where a 5-a certification is inaccurate, concluding that "the statute does not require invalidation of the People's statement of readiness" in those circumstances. Williams, 2025 NY Slip Op. 06535, at *1. Williams did not purport to address the issue of an absent certification instead of an inaccurate one. To the contrary, Williams emphasized that a legislative intent for "subdivision (5—a) to only require certification—not necessarily an accurate certification—is not absurd as defendant suggests." Id. at *4. The issue here, of course, is the certification itself, not the accuracy of the certification.
In sum, the defense persuasively argues that the missing 5-a certification here invalidates the People's statement of readiness. The People's responses, while well-taken, are not enough to override the plain language of the statute or overcome the persuasive appellate authority to the contrary.

 * * *
For the foregoing reasons, the People's initial statement of readiness did not stop the speedy trial clock because they did not certify under subsection 5-a, preventing their statement of readiness from taking effect. Their second statement of readiness contained a 5-a certification, and might have stopped the clock, but would have done so too late. Thus, the defense's motion to dismiss is GRANTED and the accusatory instrument is DISMISSED AND SEALED pursuant to C.P.L. §§ 30.30(1) and 170.30(1)(e). Defense counsel is directed to serve upon the People a copy of this decision and order along with a notice of entry.
Dated: February 13, 2026Bronx, NYDavid L. GoodwinJudge of the Criminal Court

Footnotes

Footnote 1:See 2019 NY Sess. Laws 650 (McKinney).

Footnote 2:The People's actual readiness is assumed for the purpose of this decision.

Footnote 3:See also, e.g., People v. Tevelev, 85 Misc 3d 135(A), 2025 NY Slip Op. 50488(U), at *2 (App. Term, 2d, 11th, & 13th Jud. Dists. 2025) (adhering to Ward); People v. Sereno, 83 Misc 3d 135(A), 2024 NY Slip Op. 51196(U), at *2 (App. Term, 9th & 10th Jud. Dists. 2024) (adhering to Ward and Hernandez), leave denied, 43 NY3d 946 (2025); People v. Gutierrez, 80 Misc 3d 126(A), 2023 NY Slip Op. 50885(U), at *2 (App. Term, 2d, 11th, & 13th Jud. Dists. 2023) (adhering to Ward).

Footnote 4:It is generally accepted that a branch of the New York City Criminal Court is not bound by the decisions of another Department's Appellate Term. See, e.g., People v. Pestana, 195 Misc 2d 833, 887—39 (N.Y.C. Crim. Ct., NY Co. 2003); see also People v. Pena, 36 NY3d 978, 989 n.4 (2020) (Wilson, J., dissenting) (citing Pestana). That general assumption is assumed to be true for the purposes of this decision, although it leads to an odd outcome: because this court must follow the rule of Mountain View Coach Lines, Inc. v. Storms, 102 AD2d 663, 664 (1984), and treat decisions from all Departments of the Appellate Division as binding precedent even though appeals from this court would not go to the Appellate Division, see People v. Brisotti, 169 Misc 2d 672, 673 (App. Term, 1st Dept. 1996), the New York City Criminal Court in Bronx County—part of a "single, city-wide court," N.Y.C. Crim. Ct. Act § 20—would be bound by decisions from every dedicated appellate court in New York state except the Appellate Terms of the Second Department. 

Footnote 5:The People's characterization of the 5-a certification as a "boilerplate declaration," People's Resp. at 4 (pdf pag.), may now be correct as a matter of realism, but is still unfortunate, as this "boilerplate" is supposed to certify that the People have examined the accusatory instrument and dismissed all facially insufficient counts. While there is no longer any meaningful penalty for an inaccurate 5-a certification, see Williams, 2025 NY Slip Op. 06535, at *1, prosecutors are still expected to "carry out this statutory command with the diligence and care attendant to their positions, and examine the underlying accusatory instrument for compliance with CPL 100.15 and 100.40 before making the required certification," id. at *4.

Footnote 6:Reyes might survive Slade in part if understood as permitting, but not requiring, the People a grace period to fix a late-arising issue that undermines their present actual readiness before the issue restores them to unreadiness. That is not relation back, however.